Matthew L. LINDELL, Respondent,

v.

Kim M. COEN, Appellant.

No. WD 49327.

Missouri Court of Appeals,
Western District.

April 25, 1995.

Rickey Lee Jeffries, Independence, for appellant.

Weldon Wayne Perry, Jr., Lexington, for respondent.

Before SPINDEN, P.J., and ULRICH and SMART, JJ.

PER CURIAM:

Kim Marie Coen appeals the trial court's order granting Matthew Lee Lindell's motion to modify the decree of dissolution regarding custody of their minor child, Savanna Marie Lindell. The modification order granted Lindell primary legal and physical custody of Savanna. Prior to the order, the couple had joint custody, and Coen had primary physical custody.

Coen complains that (1) the trial court did not hear and consider all the evidence before reaching its decision; (2) the modification was not in Savanna's best interest, was against the weight of the evidence, was not supported by substantial evidence, and erroneously declared or applied the law; (3) the trial court limited Coen's visitation to Jackson or Lafayette counties in Missouri and Polk and Story counties in Iowa, and this was not supported by the court's findings; and (4) the trial court abused its discretion by ordering Coen to pay the guardian ad litem fees and Lindell's attorney fees. We agree with only her third point. We reverse the trial court's judgment and remand so the court can amend its order to remove the geographical limitation for visitation. We affirm the judgment in all other respects.

Coen and Lindell married on April 20, 1990, in Higginsville. Savanna was born on January 10, 1991. A Story County, Iowa, court entered a decree dissolving their marriage on November 2, 1992. The circuit court of Lafayette County, Missouri, later registered the decree. The original decree granted the parties joint legal custody and Coen primary physical custody of Savanna, with reasonable visitation rights of one week every month to Lindell.

Lindell and Coen later filed competing motions to modify the custody and support provisions of the registered decree. With regard to custody, Lindell alleged that Coen had, among other things, "willfully, consciously, contemnatiously, and without reasonable justification or excuse" denied Lindell his visitation privileges, refused to allow him to develop and to maintain a father-child relationship with Savanna, failed and refused to provide adequate clothing for the child for

Lindell's visitation periods, subjected Savanna to "an inordinate number of examinations by medical providers," made unfounded allegations of child abuse or neglect against him to state agencies, and regularly placed unreasonable restrictions on his visitation. Coen requested an increase in child support and sole custody. She alleged that the 250–mile distance between the parties' homes had "proven difficult for [Lindell] to conduct his visitation in a reasonable manner," Lindell's employment prevented him from caring for Savanna, Lindell did not take Savanna to church or to religious classes, and Lindell had not followed the prescribed medication schedule for Savanna.

The trial court overruled Coen's motion. With regard to Lindell's motion, it found that a substantial change had occurred in the circumstances of Savanna and Coen which warranted modification of the custody order.

## I.

■ Coen's first point is that the trial court erred in not considering all of the evidence before reaching its decision. Coen complains that because the trial court ruled from the bench immediately at the close of the evidence, it could not have possibly reviewed all of the 34 exhibits, which included two depositions and 59 pages of medical records. Coen also complains that the court read parts of the file during the hearing and had typewritten findings available for the parties immediately following the hearing. She argues that this indicated that the trial court had reached its decision before listening to all of the evidence.

We presume that trial courts "faithfully and judiciously carry out the[ir] duties[.]" *Ramsey v. Grayland,* 567 S.W.2d 682, 688 (Mo.App.1978). We also presume "the regularity of all judicial proceedings until the contrary is shown." *Gilbert v. Malan,* 231 Mo.App. 469, 100 S.W.2d 606, 616 (1937).

The transcript reflects that the court considered all of the evidence in reaching its decision. The trial court said that it had "read the file, read the depositions, [and] heard the testimony." The court's ruling from the bench was entirely permissible. It explained that it was ready to make a deci-

sion and the residences of the parties in Iowa and Georgia necessitated a prompt resolution of the custody dispute. It was proper for the trial court "to be prepared to expeditiously dispose of the [case] and avoid unnecessary delay and inconvenience to the parties as well as the court." *Ramsey,* 567 S.W.2d at 688. That the court had prepared typewritten findings as the hearing progressed does not indicate that the court reached its decision prematurely, "nor is it evidence of judicial impropriety." *Id.* Coen's first point is without merit.

## II.

■ Coen's second point is that the trial court's change of Savanna's custody was not in Savanna's best interests, was not supported by substantial evidence, was against the weight of the evidence, and erroneously declared or misapplied the law. In assessing the sufficiency of the evidence, we examine the evidence and its inferences in the light most favorable to the trial court's order. *Long v. Long,* 771 S.W.2d 837, 839 (Mo.App. 1989). We defer to the trial court's assessment of witnesses' credibility and accept the trial court's resolution of conflicting evidence. *W.E.F. v. C.J.F.,* 793 S.W.2d 446, 451 (Mo. App.1990). We presume that the trial court reviewed all evidence and based its decision on the child's best interests. *Hord v. Morgan,* 769 S.W.2d 443, 450 (Mo.App.1989). We will reverse a custody modification on the ground that it is against the weight of the evidence only when we firmly believe that the decision is wrong. *Id.*

■ The trial court heard evidence to support its ruling. While it also heard contradictory evidence, the trial court, as fact finder, is free to believe all, part, or none of a witness' testimony. *Herbert v. Harl,* 757 S.W.2d 585, 587 (Mo. banc 1988).

The evidence supporting the trial court's ruling indicated that Lindell had been denied eight of seventeen scheduled visits with Savanna since the entry of the original decree. Coen's justification for the denials was that Savanna was either sick or out of the state visiting Coen's parents. When Lindell tried to enforce his visitation rights by showing

Coen the original decree, Coen told him, "That paper doesn't mean squat." Although Coen had obtained an ex parte order of protection against Lindell which prevented him from exercising his visitation, she did not tell him about it before he drove 250 miles from Iowa to Higginsville to pick up Savanna. The grounds for the ex parte order turned out to be unsubstantiated. Coen also refused to give Savanna to Lindell's father after he had driven from Iowa to pick up the child for a visit. In 1993, Coen moved with Savanna to Georgia without giving advance notice to, or obtaining permission from, Lindell or the courts. Lindell had been forced to answer three unsubstantiated reports of abuse or neglect made to the Missouri Department of Family Services.

■ A trial court can consider a custodial parent's interference with the visitation rights of the non-custodial parent in determining a child's welfare. *Armstrong v. Armstrong*, 877 S.W.2d 127, 131 (Mo.App.1994). Interference by a parent with the visitation rights of the other constitutes a changed condition which may justify modification of custody. *Cornell v. Cornell*, 809 S.W.2d 869, 873 (Mo.App.1991). The trial court found that Coen's "denial of visitation, based on claims of ill health of [Savanna], were unjustified and fit a flagrant pattern of [Coen's] willful denial of [Lindell's] visitation privileges."

■ While Coen's relocation to another state does not automatically mandate modification, it too is a change of circumstances which permits the court to modify a custody decree. Section 452.411, RSMo 1994. The trial court found that Coen's move to Georgia "further fits the pattern of contemptuous denial of [Lindell's] visitation privileges through any means available, there being no justifiable cause for said move." The court also found that modification was necessary because Savanna's best interests required that both parents be able to enjoy custody of her, and Coen's "contemptuous denial of [Lindell's] visitation privileges and obvious attempts to frustrate [Lindell's] visitation . . . are harmful and detrimental to the interests of [Savanna]."

This was not an erroneous declaration or application of the law. In accordance with § 452.410, RSMo 1994, the court appropriately found three changes in circumstance that allow modification: Coen's interference with Lindell's visitation rights, Coen's removing Savanna to Georgia, and Coen's failure to obtain permission from either Lindell or the courts, as required under § 452.377, RSMo 1994. The court then considered the effect of these changes on Savanna's interests. Reviewing the evidence in the light most favorable to the court's order, we cannot say that we are firmly convinced that the court's order was wrong.

### III.

■ In her third point on appeal, Coen asserts that the trial court erred in restricting the location of her visits to two counties in Iowa and two counties in Missouri. Coen complains that this restriction was an abuse of discretion because the trial court did not rule that it was in the child's best interest. She avers that it violated public policy and was not supported by specific findings as required by § 452.400.2, RSMo 1994.

The trial court conditioned Coen's visits of Savanna—one week each month and two separate four-week periods in the summer—on her living in Higginsville, and to the visits' occurring in Lafayette or Jackson counties in Missouri. The trial court limited Coen's visits on alternating holidays to Polk or Story counties in Iowa.

Section 452.400.2 provides that a court can restrict a parent's visitation rights only if it finds that the visits would "endanger the child's physical health or impair his emotional development." We find nothing in the record which compels a conclusion that visits outside the four counties would endanger Savanna's physical health or impair her emotional development.

The trial court did not explain the reason for limiting visitation to the four counties. It did say, ". . . I have strong doubts that the child would ever be back in the hands of [Lindell] if we let [Coen] go back to Georgia with the child today. . . . I'm not letting [Coen] take the child back to Georgia, when she has done what she's done to frustrate the

visitation with that child." We interpret these remarks as the trial court's expressions of concern that Coen might disappear with the child if she had visitation rights in Georgia. We fail to understand, however, how the geographical limitation cures the problem.

We conclude that the trial court abused its discretion. We reverse, therefore, that portion of the decree and remand so that the trial court can amend its modification order to eliminate the geographical restriction.

### IV.

In her final two points, Coen argues that the trial court abused its discretion in ordering her to pay the guardian ad litem fees and Lindell's attorney fees. Section 452.423.4, RSMo 1994, gives the court discretion to assess guardian ad litem fees against any party to the proceedings, or against the party who was ordered to pay the costs of the action. In this case, the court taxed the costs of the proceeding against Coen and ordered her to pay the guardian ad litem fees based upon its finding that Coen's "unfounded claims of abuse and neglect by [Lindell] caused this Court to appoint" the guardian. When ordering the payment of guardian ad litem fees, the court may consider the circumstances which necessitated the appointment of the guardian. *In re Marriage of Myers*, 845 S.W.2d 621, 626 (Mo.App.1992).

Coen also argues that the reasonableness of the amount of the award was not supported by substantial evidence because the court did not have evidence of the amount of time the guardian spent on the case. The court is an expert on such fees, and the court can set fees without any evidence. *Hoefer v. Hoefer*, 860 S.W.2d 376, 379 (Mo.App.1993); *Buckman v. Buckman*, 857 S.W.2d 313, 320 (Mo.App.1993).

Section 452.355.1, RSMo 1994, authorizes the court to order one party to pay the other party's attorney fees after consideration of relevant factors, including the financial resources of both parties. We will reverse an award of attorney fees only upon a showing of manifest abuse of discretion. *Moritz v. Moritz*, 844 S.W.2d 109, 117 (Mo.

App.1992). Coen must demonstrate that the award is "clearly against the logic of the circumstances and so arbitrary and unreasonable as to shock one's sense of justice." *Meservey v. Meservey*, 841 S.W.2d 240, 248 (Mo.App.1992).

The trial court said that it considered the financial resources of the parties and all other relevant factors, including Coen's conduct, in ordering Coen to pay Lindell's attorney fees. We cannot say that the award is so arbitrary and unreasonable as to constitute a manifest abuse of discretion. Therefore, we reverse the trial court's judgment and remand so the court may amend its order to remove the geographical limitation for visitation. We affirm the judgment in all other respects.