**Maureen N. HARTZELL, Petitioner–Respondent,**

v.

**Stuart B. HARTZELL, Respondent–Appellant.**

No. 73044.

Missouri Court of Appeals, Eastern District, Division Five.

Sept. 22, 1998.

Armstrong, Teasdale, Schlafly & Davis, Justin C. Cordonnier, Thomas B. Weaver, St. Louis, for appellant.

Newman, Goldfarb, Freyman & Klein, P.C., Morton R. Newman, St. Louis, for respondent.

KAROHL, Judge.

Stuart B. Hartzell, (Husband) appeals judgment denying his motion to modify maintenance provisions of a dissolution decree. We hold Maureen N. Hartzell's (Wife) admission that she is not disabled, and chooses not to make a present or future good faith effort to obtain employment constitutes a substantial change in circumstances which may form the basis for modification of a maintenance award.

The thirty-one year marriage of Husband and Wife was dissolved on February 6, 1995. The decree incorporated the parties' separation agreement and included an order that Husband pay to Wife modifiable maintenance in the amount of $4,000 per month. On January 29, 1997, one week short of two years after the decree of dissolution, Husband filed a motion to modify. The motion and amended motion alleged changes of circumstances that Wife: (1) without good cause, made no effort, since the dissolution to seek and obtain employment; (2) had the ability to provide for her reasonable needs through appropriate employment and income from her investments and assets; and, (3) has been able to accumulate assets over and above that which she received as part of the settlement, while meeting her reasonable needs. After Husband filed his motion to modify, but before the modification hearing, Wife moved from St. Louis, Missouri to East Hampton, New York.

At the time of the modification hearing, Husband was sixty years old and Wife was fifty-nine years old. Wife worked from 1974 to December 1993 as a travel agent at a travel agency owned by the parties. Wife was unemployed but continued to receive a salary from December, 1993 until entry of the dissolution decree. Wife testified she is retired and intends to remain retired. She does not claim any disability and does not dispute that she has not been employed since the dissolution solely because she chose not to work. Husband does not dispute his ability to pay the dissolution decree maintenance award. There is also no dispute that the maintenance award proposed in a separation agreement was decretal maintenance. It was therefore, subject to modification, unless expressly limited. Section 452.325.6 RSMo 1994; *Paynton v. Paynton*, 914 S.W.2d 63, 65 (Mo.App. E.D.1996).

The motion court found:

10. ... The circumstances of the parties at the time of the Dissolution have not changed significantly, if at all ... The Court finds that any of the changes noted are not established as substantial or continuing, rather it is the known circumstances at the time of Dissolution that are continuing.

11. That the Court finds that in consideration of the length of marriage, [Wife's] age, education and training, the Separation Agreement and distribution of property that [Wife] was not required nor would it be reasonable for her to be expected to seek and obtain employment to become self-supporting, further, in the event she did seek employment, that she would be unable to obtain employment with her lack of skills with computers, typing and organizationally to compete in the travel industry and to find sufficient employment to become self-supporting, especially in the short time that has lapsed since the date of Dissolution.

The parties agree the principal issue is whether the court abused its discretion in finding a total failure to prove a change in circumstances so substantial and continuing as to make the terms of the original decree unreasonable, as required by section 452.370 RSMo 1994. However, they describe the principal issue differently. Husband's allegation was that without good cause Wife had made no effort to seek and obtain employment and that she had the ability to contribute to her reasonable needs through appropriate employment. Wife contends that the

period of two years between the date of the dissolution decree and the filing of the motion to modify is insufficient to support a finding of a substantial change of circumstance.

Pursuant Rule 73.01(c) we will affirm a ruling on a motion to modify unless there is no substantial evidence to support it, it is against the weight of the evidence or it erroneously declares or applies the law. *Halliday v. Boland,* 813 S.W.2d 34, 36 (Mo. App.1991). We accept all reasonable inferences and evidence favorable to the order and disregard all contrary inferences. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976).

Pursuant to section 452.370 a modification of maintenance requires "a showing of changed circumstances so substantial and continuing as to make the terms unreasonable." *Butts v. Butts,* 906 S.W.2d 859, 861–62 (Mo.App. S.D.1995). The burden of proving substantial and continuing change rests with the moving party. *Id.* at 861. We hold the trial court's finding and conclusion, that Husband's evidence failed to support finding a substantial change of circumstances, erroneously declares or applies the law.

An award of maintenance is based upon a spouse's need, as reflected by the extent to which that spouse's expenses exceed his or her ability to pay those expenses. Section 452.335.1(2) RSMo 1994. A court must consider the obligation of a spouse to contribute to his or her own support, absent circumstances preventing such contribution. *Chambers v. Chambers,* 910 S.W.2d 780, 784 (Mo.App. E.D.1995). In *Markowski v. Markowski,* 736 S.W.2d 463 (Mo.App.1987) the western district of this court affirmed a judgment sustaining husband's motion to modify and terminated maintenance. On the present issue, that court provided the basis for finding that the motion court in the present case misapplied the law. The court there said:

As the court stated in *Doerflinger v. Doerflinger,* 646 S.W.2d 798, 800 (Mo. banc 1983) the statute indicates dependency of a spouse is not presumed but self-sufficiency is to be encouraged. Justice does not re-

quire provision of support to a spouse who is or may be prepared to become self-supporting. The failure of the supported spouse *to make a good faith effort* to seek employment and achieve financial independence *within a reasonable time* may form the basis for modification of a maintenance award. 27B C.J.S. *Divorce* Sec. 406, at p. 308 (1986). Other states have recognized the duty upon a supported spouse to aid in the relief of the burden to the extent available and reasonable in the circumstances. *Saromines v. Saromines,* 3 Haw.App. 20, 641 P.2d 1342, 1348 (1982) holds that the *spouse receiving maintenance is under a continuing duty to exert reasonable efforts to attain self-sufficiency and will not be permitted to benefit from inaction.* So, too, in *In Re Marriage of Mittra,* 114 Ill.App.3d 627, 71 Ill.Dec. 350, 355, 450. N.E.2d 1229, 1234 (1983), the court recognizes this affirmative obligation to seek employment and the basis for a modification order where the supported spouse fails to make good faith efforts within a reasonable time. It is to be noted that the duty of a supported spouse receiving maintenance under a marriage dissolution decree is to expend the effort at attaining support from earned income and not necessarily to succeed. (Emphasis added.)

Wife's argument about length of time is irrelevant. Her testimony was that she was retired and chose never to seek employment. The duty of a spouse receiving maintenance is to expend a good faith effort within a reasonable time, to obtain employment. Wife's admission that she has made no effort, and will make no effort to obtain employment and contribute to her reasonable needs, is a substantial and continuing change of circumstance which will support a modification of maintenance.

We reverse and remand for a reconsideration of the judgment of modification in light of the conclusion the undisputed evidence supports a finding of the required change of circumstance. The trial court error on this question of law requires a reconsideration of all the contested issues. The court may receive such additional evidence as may be necessary to decide the remaining issues.

The judgment denying a decision on the merits of Husband's motion to modify is reversed and the cause is remanded.

ROBERT G. DOWD, Jr., C.J., and ROBERT E. CRIST, Senior Judge, concur.