**Nannette E. CLARK, Petitioner/Respondent,**

v.

**Victor L. CLARK, Respondent/Appellant.**

**No. ED 81058.**

Missouri Court of Appeals, Eastern District, Division Four.

March 25, 2003.

---

1. All rule references are to Mo. R.Crim. P.2002, unless otherwise indicated.

Sharon Elaine Remis, Miller & Steeno Law Firm, Clayton, MO, for Appellant.

Nathan S. Cohen, Clayton, MO, for Respondent.

## SHERRI B. SULLIVAN, P.J.

### Introduction

Victor L. Clark (Husband) appeals from a trial court judgment modifying a decree of dissolution. We affirm as modified.

### Factual and Procedural Background

Husband and Nannette E. Clark (Wife) were married in September 1982. Five children were born of the marriage between 1983 to 1990. In February 1995, the trial court entered a Decree of Dissolution (Decree) dissolving the marriage of Husband and Wife. The Decree provided for joint legal custody of the children and primary physical custody of the children with Wife, subject to reasonable visitation and temporary custody. The Decree awarded Wife maintenance in the amount of $1,400 per month and child support in the amount of $725 per month per child.

In August 1998, the trial court entered a judgment modifying the Decree. The judgment modified maintenance to $1,050 per month and child support to $2,552 per month for all five children, with an additional $600 maximum per year per child for extracurricular activities.

Subsequently, the parties filed various motions, some issues of which were decided by arbitration and by orders of the trial court. In November 2001, after a hearing on the parties' motions to modify, the trial court entered a modification judgment. The trial court found a change of circumstances so substantial and continuing as to make the terms of the child support and maintenance unreasonable. The judgment modified maintenance to $100 per month and child support to $3,300 per month for all five children.[1] The trial court attached its own Form 14 to the judgment and found that the presumed child support amount was unjust and inappropriate. The trial court also ordered Husband to pay Wife's attorney's fees in the amount of $6,000 for her current attorney and $2,600 for her previous attorney and the Guardian ad Litem (GAL) fees in the amount of $1,400. Husband appeals from this judgment.

### Discussion

■ Husband raises seven points on appeal. In his first point, Husband argues that the trial court erred in entering a child support order in an amount exceeding the presumed amount (1) without rejecting and/or rebutting the Form 14's submitted by the parties; (2) by completing its own Form 14 with wage amounts that did not conform to the evidence; and (3) by not making a finding that the court had considered all relevant factors before making a finding that the presumed child support amount was unjust and inappropriate.

■ The trial court's order as to child support will be affirmed unless it is unsupported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Baker v. Baker*, 60 S.W.3d 19, 22 (Mo.App. E.D.2001).

Rule 88.01[2] provides:

(a) When determining the correct amount of child support, a court or administrative agency shall consider all relevant factors, including all relevant statutory factors.

---

1. The trial court also stated the child support amount in the event of four, three, two, or one child.

2. All rule references are to Mo. R. Civ. P.2001, unless otherwise indicated.

(b) There is a rebuttable presumption that the amount of child support calculated pursuant to Civil Procedure Form No. 14 is the correct amount of child support to be awarded in any judicial or administration proceeding. Unless a request is filed pursuant to Rule 73.01(a)(3), a written finding or a specific finding on the record by the court or administrative agency that the child support amount under a correctly calculated Form No. 14, after consideration of all relevant factors, is unjust or inappropriate shall be sufficient in a particular case to rebut the presumption that the amount of child support so calculated is correct.

To effectively comply with Rule 88.01, the trial court must follow a two-step procedure to determine child support. *Woolridge v. Woolridge*, 915 S.W.2d 372, 379 (Mo.App. W.D.1996) (approved in *Neal v. Neal*, 941 S.W.2d 501 (Mo. banc 1997)). First, the trial court must determine and find for the record the presumed child support amount pursuant to a correct Form 14 calculation. *Id.* Second, the trial court must consider whether to rebut the presumed child support amount, as found by the court, as being unjust or inappropriate after consideration of all relevant factors. *Id.* No mandatory worksheet or formula is required in determining whether the presumed child support amount is unjust or inappropriate. *Id.* This second step permits the trial court to exercise its broad and sound discretion in the final determination of child support awards. *Id.*

In its judgment, the trial court found:

The presumed Form 14 calculation worksheet prepared by the Court with [Wife's] income at $1,750.00 and [Husband's] income is $18,000.00. The Court finds the Form 14, after all consider-

ations, is unjust and inappropriate for the reason that the children are engaged in numerous activities, that the parties have been unable to come to agreements with regard to the payment of expenses for these activities, and that the expenses for those five children, ages 12–18, have risen significantly since the 1998 modification.

We find that meaningful appellate review is possible from the record and conclude that the trial court effectively rejected the parties' Form 14 calculations and rebutted the presumed child support amount.

The trial court implicitly rejected the parties' Form 14s by attaching its own Form 14 to the judgment. By comparing the trial court's Form 14 with the parties' Form 14s, we find that the trial court rejected the parties' Form 14 calculations by finding that the parties' monthly gross incomes included in the parties' calculations were incorrect. *See Woolridge*, 915 S.W.2d at 378 (discussing the trial court's rejection of a Form 14 calculation by a party). Rule 88.01 allows the trial court to determine the correct amount of an item to be included in a Form 14 calculation, being guided by, among other things, the evidence in the case. *Id.* at 379. The evidence supports the trial court's income calculations for the parties. Wife's 2000 tax return indicated that her income was $21,000. The trial court calculated $1,750 monthly income for Wife, which is $21,000 divided by 12 months. The trial court calculated $18,000 monthly income for Husband, and Husband testified that he earned $18,000 per month and utilized that figure on his Form 14.

The trial court attached to its judgment its own correctly calculated Form 14, thereby determining and finding for the record the presumed child support amount. Having done so, the trial court

then rebutted the presumed child support amount, as found by the court, as being unjust and inappropriate after consideration of all relevant factors. The trial court specifically stated "after all considerations," and we find this statement sufficient to meet the requirements of Rule 88.01. Further, the judgment was not silent as to why the trial court deviated from the presumed child support amount.

Accordingly, the trial court did not err in its child support award for the reasons alleged by Husband. Husband's point one on appeal is denied.

■ In his second point on appeal, Husband argues that the trial court erred in failing to rule on who shall pay the educational and extraordinary expenses of the children as required by Sections 452.375.9 and 452.310.7.[3]

Section 452.375.9 provides in relevant part:

Any judgment providing for custody shall include a specific written parenting plan setting forth the terms of such parenting plan arrangements specified in subsection 7 of section 452.310.

Section 452.310.7 provides in relevant part:

... The proposed parenting plan shall set forth the arrangements that the party believes to be in the best interest of the minor children and shall include but not be limited to:

...

(3) How the expenses of the child, including ... educational and extraordinary expenses as defined in the child support guidelines established by the supreme court, will be paid including:

...

(c) The payment of educational expenses, if any;

(d) The payment of extraordinary expenses of the child, if any;

....

In August 2001, the parties adopted a parenting plan, which the trial court attached to its judgment. The parenting plan specified that educational and extraordinary expenses "shall be as provided in the judgment." The trial court did not provide in its judgment how the educational and extraordinary expenses of the children would be paid. Wife concedes this point. Therefore, the parenting plan and the judgment do not comply with the requirements of Sections 452.375.9 and 452.310.7.

However, Wife suggests that because of the increased child support award, the judgment requires her to pay the educational and extraordinary expenses of the children. In light of the trial court's explanation for increasing the child support award, we agree with Wife's suggestion, and modify the trial court judgment accordingly.

■ In his third point on appeal, Husband argues that the trial court erred in failing to terminate maintenance.

■ We will affirm a judgment on a motion to modify maintenance unless it is unsupported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Hartzell v. Hartzell*, 976 S.W.2d 624, 626 (Mo.App. E.D.1998). The evidence, including all reasonable inferences drawn therefrom, is viewed in the light most favorable to the judgment, and all evidence and inferences to the contrary are disregarded. *Id.* We defer to the trial court even if the evidence could support a different conclusion. *Crosby v. Crosby*, 960 S.W.2d 5, 8 (Mo.App. E.D.1997). We defer to the trial

**3.** All statutory references are to RSMo. (2000), unless otherwise indicated.

court to determine the credibility of the witnesses, accepting or rejecting all or any part of the testimony. *R.W.H. v. D.M.H.*, 898 S.W.2d 144, 147 (Mo.App. E.D.1995).

▰▰▰ Section 452.370.1 allows modification of maintenance "only upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable." This statutory standard is intended to be strict in order to discourage recurrent and insubstantial motions for modification. *Ramsey v. Ramsey*, 965 S.W.2d 365, 371 (Mo.App. E.D.1998). Changed circumstances sufficient to support modification must be proven by detailed evidence. *Id.* The burden of proving such circumstances rests with the moving party. *Id.*

The factors to be considered by a court in determining whether or not a substantial and continuing change of circumstances has occurred are: (1) the financial resources of each party, including the extent to which the reasonable expenses of either party are, or should be, shared by a spouse or other person with whom he or she cohabits; and (2) the earning capacity of a party who is not employed. Section 452.370.1.

In its judgment, the trial court found:

6. That [Wife's] stated expenses, which the Court finds to be reasonable under the circumstances in 2001, are $8,753.00 and in 1998, the date of the last modification, her reasonable expenses were $6,195.00, thereby a net increase of a cost of $2,618.00.

7. Further, that [Husband's] income has risen by $3,000.00 as stated and his household income is substantially greater and disproportionate to the income of [Wife].

8. Further, [Husband] is ordered to pay [Wife] the sum of $100.00 as and for maintenance which is subject to

modification. The Court specifically finds that the reduction in maintenance is appropriate under the circumstances due, in part, to the increase in child support, as set forth, and by the increased income of Mother.

At the time of the 1998 modification, the trial court imputed $1,500 monthly income to Wife and calculated $16,000 monthly income for Husband. In its judgment, as stated above, the trial court calculated $1,750 monthly income for Wife and $18,000 monthly income for Husband. Additionally, Husband's new wife receives $2,000 monthly income working for Husband. Husband is a dentist. Wife is a veterinarian, although she has never worked full-time in that capacity. The record indicates that Wife's parenting responsibilities prevent her from working more than part-time.

The trial court did not err in finding changed circumstances so substantial and continuing as to make the maintenance terms unreasonable, and thereby reducing but not terminating maintenance. Accordingly, Husband's point three on appeal is denied.

▰▰▰ In his fourth, fifth, and sixth points on appeal, Husband argues that the trial court erred in ordering Husband to pay Wife's attorney's fees and the GAL fees.

▰▰▰ The distribution of attorney's fees by the trial court is presumptively correct. *Kaelin v. Kaelin*, 988 S.W.2d 657, 661 (Mo.App. E.D.1999). The trial court has wide discretion in awarding attorney's fees, and its award will not be disturbed absent an abuse of discretion. *Bullard v. Briem*, 969 S.W.2d 880, 884 (Mo.App. E.D. 1998). In determining if there was an abuse of discretion, the complaining party must show that the award was clearly

against the logic of the circumstances and so arbitrary and unreasonable as to shock one's sense of justice and indicate a lack of deliberation. *Id.* A spouse's inability to pay is not a requirement for awarding attorney's fees, and an award must be reasonable considering each spouse's financial position. *Id.*

Section 452.355.1 provides in part:

[T]he court from time to time after considering all relevant factors including the financial resources of both parties, the merits of the case and the actions of the parties during the pendency of the action, may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding pursuant to sections 452.300 to 452.415 and for attorney's fees, including sums for legal services rendered and costs incurred prior to the commencement of the proceeding and after entry of a final judgment.

Husband argues that the trial court failed to consider all relevant factors in its award of attorney's fees, but rather only considered the financial resources of both parties. How the factors balance varies from case to case. *Craig–Garner v. Garner,* 77 S.W.3d 34, 40 (Mo.App. E.D.2002). The trial court ordered Husband to pay Wife's attorney's fees "given the disproportionate incomes" and "the assets of the parties." Although the trial court did not specifically state in its judgment that it considered all relevant factors, Husband provides no evidence that the trial court did not do so, but rather the court placed significance on the financial resources factor.

■■■■ Husband also argues that the trial court erred in ordering Husband to pay Wife's previous attorney's fees because there was no evidence as to the reasonable value of the services rendered. Wife testified that she hired her previous attorney when Husband "stopped paying child support and maintenance" and that she had an outstanding balance with the attorney in the amount of $2,633.44. The trial court is considered an expert in the necessity, reasonableness and value of attorney's fees, and it may award such fees without the aid of evidence. *Dent v. Dent,* 965 S.W.2d 230, 239 (Mo.App. W.D.1998); *Travis v. Travis,* 63 S.W.3d 296, 300 (Mo. App. E.D.2001).

■■■■ Husband further argues that the trial court erred in ordering Husband to pay all of the GAL fees, as opposed to apportioning them between Husband and Wife, without considering the circumstances for the appointment of the GAL.

■■■■ The trial court has discretion to award GAL fees as a judgment to be paid by any party to the proceedings under Section 452.423.4.[4] *Wenger v. Wenger,* 876 S.W.2d 735, 742 (Mo.App. E.D.1994). Its ruling will not be disturbed absent an abuse of discretion. *Id.* The trial court ordered Husband to pay the GAL fees "given the disproportionate incomes" and "the assets of the parties." The trial court is an expert on GAL fees, and it can set the fees without any evidence. *Lindell v. Coen,* 896 S.W.2d 525, 529 (Mo.App. W.D. 1995). A trial court may, but is not required to, consider the circumstances that necessitated the appointment of the GAL when ordering the payment of GAL fees. *Id.*

Husband has not shown that the award of attorney's fees and GAL fees was clearly against the logic of the circumstances

---

4. Section 452.423.4 requires that the GAL be awarded a reasonable fee for services as set by the court.

and so arbitrary and unreasonable as to shock one's sense of justice and indicate a lack of deliberation. Accordingly, the trial court did not abuse its discretion in ordering Husband to pay Wife's attorney's fees and the GAL fees. Husband's points four, five, and six on appeal are denied.

■ In his seventh point on appeal, Husband argues that the trial court erred in failing to state the date on which the new child support and maintenance amounts would begin in order to credit Husband for the support paid in November 2001.

■ The determination of the effective date of an order on a motion at any time after the date of filing rests within the sound discretion of the trial court. *Nance v. Nance*, 880 S.W.2d 341, 345 (Mo.App. E.D.1994). Absent a clear abuse of discretion, we will not disturb the exercise of the trial court's discretion. *Id.*

The judgment is silent as to the effective date of the reduction in maintenance and the increase in child support. Therefore, the effective date is the date the judgment was entered, namely November 14, 2001. *See Id.* The record does not contain any request by Husband to apply the awards retroactively nor does the trial court do so. Husband presents no evidence of specific amounts of voluntary payments for which he might have been entitled to credit for the month of November 2001.

Although clarity would prefer the trial court to include an effective date in its judgment, the court did not err in not including one. Accordingly, Husband's point seven on appeal is denied.

**5.** Wife's Motion to Dismiss Husband's appeal for failure to comply with Rule 84.04 is denied.

*Conclusion*

The judgment of the trial court is affirmed as modified.[5]

KATHIANNE KNAUP CRANE and GLENN E. NORTON, JJ., concur.