John **MITALOVICH**, Appellant,

v.

Tammy Lee **TOOMEY**, Respondent.

No. ED 87755.

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 21, 2006.

Jody H. Wolff, Clayton, MO, for appellant.

Ann E. Bauer, Clayton, MO, for respondent.

CLIFFORD H. AHRENS, Presiding Judge.

John Mitalovich ("father") appeals the judgment of the trial court denying his motion to modify in part and granting the counter-motion to modify of Tammy Lee Toomey ("mother") in part. Father claims the court's determinations regarding retroactive child support, his monthly expenses, and his income and ability to work were not supported by substantial evidence. Furthermore, father challenges the court's award of attorneys' fees to mother and its order that father pay fees to the guardian ad litem. We modify the judgment pursuant to Missouri Supreme Court Rule 84.14 and affirm the judgment of the trial court as modified.

In 2002, a judgment was entered pursuant to the Uniform Parentage Act, which determined paternity, custody, visitation, and support for the minor child of father

and mother. The judgment awarded joint legal custody to father and mother, with primary physical custody awarded to mother. Father was granted temporary physical custody and visitation. Father was ordered to pay $60.00 per week in child support. In 2004, Father filed a motion to modify the judgment with respect to custody and support. He sought modification of the physical custody schedule, as well as modification of support. Mother answered the motion and filed a counter-motion to modify, motion for appointment of a guardian ad litem, and motion for a temporary restraining order and preliminary injunction. In her motions mother alleged that father placed the minor child's safety at risk and requested supervised visitation. She also requested an increase in child support. A guardian ad litem was appointed, and the parties subsequently entered into an interim parenting agreement pending the hearing on the motions to modify. This agreement addressed several of mother's concerns regarding father's actions with regard to the safety of the minor child. This agreement also provided that each parent would share the cost of work-related child care equally, and each parent was responsible for paying half the weekly fee. Mother and father entered into another interim consent judgment which addressed the custody and visitation rights of father, and the remaining issue regarding child support was heard by the family court commissioner ("commissioner"). The commissioner entered findings and recommendations, and this was approved and adopted as the judgment by the trial court. Father filed a motion for rehearing, which was sustained in part. The court remanded the cause to the commissioner to amend the proposed judgment and parenting plan to conform to the evidence regarding daycare expenses. The commissioner subsequently entered amended findings and recommen-

dations, which were adopted by the trial court as an amended judgment. Father filed a second motion for rehearing. Again, father argued that the amended judgment did not properly calculate the amount of retroactive support because it included amounts already paid directly to the daycare provider. The court entered a judgment and order, requiring the commissioner to recalculate child support and retroactive child support. The commissioner provided a second amended version of the previous findings of fact, conclusions of law and modification, which was approved and adopted by the court. It is from this judgment father now appeals.

We will reverse the trial court's judgment on a motion to modify if the judgment is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Clark v. Clark*, 101 S.W.3d 323, 329 (Mo.App.2003). We view the evidence and all reasonable inferences therefrom in the light most favorable to the judgment of the trial court, and we disregard the evidence and inferences to the contrary. *Id.* "We defer to the trial court even if the evidence could support a different conclusion." *Id.*

In his first point on appeal, father claims the court erred in including work-related child care costs in its determination of retroactive child support because he paid these costs to the child care provider directly. Father argues that he paid half the costs directly to the child care provider for the thirteen months during the pendency of the case.

Mother concedes that father paid the costs directly to the child care provider, and therefore, they should not be assessed against him in the amount of retroactive child support ordered. In her brief, mother states that father should be given credit

for the thirteen months of child care payments made directly to the provider. We agree.

■ The child care costs were included in the trial court's Form 14 calculation of the amount of presumed child support of $564.00. This amount was used to calculate the amount of retroactive child support father owed to mother during the pendency of the action. However, because father paid half of the child care costs to the provider directly for thirteen months while this action was pending, the court's calculation inappropriately charged him with those costs in its retroactive award as well. As father correctly notes, he is entitled to receive a credit against retroactive support for those amounts he voluntarily paid while the action was pending. *Foraker v. Foraker*, 133 S.W.3d 84, 99 (Mo.App. 2004) (citation omitted). As a result, the trial court erred in entering its award of retroactive child support in the amount of $5,168.00.

■ Pursuant to Rule 84.14, we may "give such judgment as the court ought to give," and finally dispose of the case. As a result, we can enter judgment that should have been entered by the trial court instead of remanding the cause for correction. *Malawey v. Malawey*, 137 S.W.3d 518, 525 (Mo.App.2004) (citation omitted). "This is particularly appropriate for judgments where there is no dispute as to the facts but only a dispute as to their legal significance." *Id.* We will enter the judgment the trial court should have where the evidence in the record before us assures us that the conclusion reached is reasonable, fair, and accurate. *Id.* As previously noted, the parties agree that father should be given a credit for thirteen months of child care payments he made directly to the provider for thirteen months while this action was pending. The parties both state that the monthly child care cost was

$221, and each party paid half the cost. Therefore, father should be credited with $1,436.50, which is half of the monthly cost of $221, multiplied by thirteen months. As a result of this credit, the judgment should be modified to reflect a retroactive child support award of $3,731.50.

Father additionally complains of the trial court's use of general language noting that the Form 14 supersedes any provision in the parenting plan that sets any cost-sharing provisions related to child care that may differ from the Form 14. He asks that we remand the matter for clarification and revision; however, we do not believe such clarification is necessary. Although the parties entered into a consent interim parenting agreement while the action was pending regarding payment of the child care costs, clearly the trial court's Form 14 calculation was intended to supersede this interim agreement.

■ Missouri law states that pursuant to Missouri Supreme Court Rule 88.01, the trial court must use the Form 14 to calculate child support. *Harrison v. Harrison*, 871 S.W.2d 644, 646 (Mo.App.1994); (*quoting Watkins v. Watkins*, 839 S.W.2d 745, 748 (Mo.App.1992)). Form 14 provides for allocation of the reasonable work-related child care costs of the custodial parent. *Id.* In the present case, the trial court was required to either allocate that child care cost in conformity with the Form 14, or make a finding that the award of such an amount was unjust or inappropriate. *Id.* The trial court found that mother required daycare for the minor child, and there was evidence in the record to support this testimony. Therefore, the court was required to include that cost in its Form 14 calculation. The trial court properly included this cost in its calculation, and therefore, the court did not err in noting that this calculation superseded any provision re-

garding child care costs that differed from the Form 14 calculation.

In his second point on appeal, father claims the trial court erred in finding that his expenses were unreasonable because the evidence corroborated his claimed expenses in his statement of income and expenses. The trial court found that father's claimed average monthly expenses were unreasonable and reduced several of father's claimed expenses. The trial court reduced father's total average monthly expenses from the claimed amount of $2,555.13 to $1,520.00 per month.

■ The trial court reduced father's claimed expenses for rent paid living in his mother's residence and for food. Father did testify that he paid weekly rent to his mother to live in her house. However, father also testified that his mother was lenient with him if he did not have extra money for bills. He also stated that his contribution to his mother for food each month varied. We defer to the superior ability of the trial court to judge such factors as the credibility, sincerity, and character of the witnesses, as well as the other intangibles which cannot be discerned from the transcript. *Slattery v. Slattery,* 185 S.W.3d 692, 696 (Mo.App. 2006) (citation omitted). Additionally, we note that although statements of income and expenses are routinely relied upon without additional evidence to support them, where testimony is inconsistent with the statement of income and expense, or the amount of expenses is disputed, the weight accorded the statement of income and expense is negligible. *Childers v. Childers,* 26 S.W.3d 851, 855 (Mo.App. 2000) (citations omitted). Father's testimony with respect to his payments for rent and food was inconsistent with the amount claimed on his statement of income and expense. The trial court was in the best position to judge father's credibility,

and we defer to such judgment. Considering the evidence in the record before us, we do not believe the trial court's decision to reduce father's expenses for rent and food was against the weight of the evidence.

■ The trial court also reduced several of the expenses father claimed on his statement of income and expense about which no testimony or additional evidence was presented. The trial court reduced father's claimed expenses for utilities on his statement of income and expense. Father did not present any testimony regarding contributions to his mother for utilities. The trial court also reduced father's claimed expenses for gas and oil for his vehicles. No testimony was presented regarding this expense whatsoever at trial. Father claimed monthly expenses for health and accident insurance, and this expense was reduced by the trial court to zero. Again, father failed to present any testimony or evidence to support a claimed monthly expense for health and accident insurance. Instead, father explained that he retains his pay stubs for purposes of his record keeping for his "health and [his] benefits." The trial court also reduced father's claimed expenses for recreation and barbershop services. Father did not testify regarding these expenses at trial. In light of the lack of supporting evidence for several of father's claimed expenses, the trial court weighed father's statement of income and expenses accordingly, and we do not believe the court's decision to reduce the expenses was against the weight of the evidence.

■ Finally, the trial court reduced father's claimed expenses for his motorcycle, boat and trailer, and his work-related tools and clothing. Father testified that he makes payments to his grandmother for the boat. He stated that his grandmother purchased the boat and he pays her each

month. However, father testified that some months payments vary. Similarly, father acknowledged that his mother pays the loan for his motorcycle and father pays her each month. His payments each month to his mother also vary. No testimony was presented regarding expenses for work-related clothing or tools. As a result of father's testimony, the trial court's decision to reduce his claimed monthly expense of $300.00 for his motorcycle, boat and trailer, and work-related clothing and tools to $100.00 was not against the weight of the evidence.

In light of father's contradictory testimony, or lack of testimony entirely, the trial court's decision to reduce father's monthly expenses was not against the weight of the evidence. Point denied.

In his third point, father argues that the trial court erred in basing his income on the ability to work thirty-three hours per week because such a determination was contrary to the weight of the evidence. Father argues that the evidence showed only that he was able to work, on average, twenty-seven hours per week. We disagree.

Father did introduce evidence of his hours of employment with previous companies which averaged roughly twenty-seven hours per week, and father testified that he was currently working an average of twenty-seven hours per week. However, there was also testimony presented from father's current direct line supervisor that father had the opportunity to work forty hours per week on a regular basis, although this was not always the case. Mother also testified that to her knowledge father had been working forty hours a week. Additionally, mother stated that father would take jobs outside his union work. Although father testified that he could not take any other union jobs, and he could not work in a nonunion job, we defer to the trial court's determination of the credibility of witnesses, and the court's decision to accept or reject all or any part of the testimony. *Clark*, 101 S.W.3d at 329–30.

■ There was evidence presented that father worked forty hours per week some weeks, and there was also evidence that he worked twenty-seven hours per week. The average of these two is thirty-three, which is the amount the court used to determine father's income. The trial court's conclusion that it was reasonable for father to work thirty-three hours per week on average was supported by the evidence presented at trial. Therefore, the trial court did not err in determining father's income based upon this hourly average. Point denied.

In his fourth and final point on appeal, father claims the court erred in ordering him to pay a portion of mother's attorneys' fees and a portion of the guardian ad litem's fees because the evidence showed that he did not have the ability to pay those fees.

■ The trial court is vested with broad discretion in its award of attorney's fees, and we will not disturb that award absent an abuse of that discretion. *Clark*, 101 S.W.3d at 330. Additionally, pursuant to section 452.423.5 RSMo (Cum.Supp. 2004), the trial court has discretion to award the guardian ad litem fees as a judgment to be paid by any party to the proceedings. The ruling of the trial court with respect to guardian ad litem fees also stands absent abuse of discretion. *Clark*, 101 S.W.3d at 331. An abuse of discretion occurs where the ruling of the court was arbitrary and unreasonable, and so clearly against the logic of the circumstances as to shock the sense of justice and indicate lack of careful consideration. *Id.* at 330–31.

While a spouse's inability to pay is not required to support an award of attorney's fees, the award must consider the financial position of each spouse. *Clark,* 101 S.W.3d at 331. Section 452.355 RSMo (2000) provides that in addition to the financial resources of each party, the court must consider "the merits of the case and the actions of the parties during the pendency of the action...." Here, there was evidence of a significant discrepancy in the amount of money father earned for his hourly wage and the amount mother earned. Father earned roughly twice as much per hour as mother. Additionally, as mother notes in her brief, there was evidence that the matter was continued at the request of father, thus prolonging the litigation. These factors support the decision of the trial court to award mother a portion of her attorney's fees, as well as the decision to order father to pay a portion of the guardian ad litem fees. Therefore, the trial court did not err in ordering father to pay attorney's fees and the guardian ad litem fees. Point denied.

The judgment is modified, as previously stated, to reflect an award of retroactive child support of $3,731.50, pursuant to Rule 84.14. The judgment of the trial court, as modified, is affirmed.

MARY K. HOFF and NANNETTE A. BAKER, JJ., concur.