Jennifer VAUGHN, Appellant,

v.

Gary BOWMAN, Respondent.

No. ED 87361.

Missouri Court of Appeals,
Eastern District,
Division Two.

Dec. 19, 2006.

Terry J. Flanagan, St. Louis, MO, for appellant.

Timothy W. Inman, Ste. Genevieve, MO, for respondent.

ROBERT G. DOWD, JR., Judge.

Jennifer Vaughn ("Mother") appeals from the judgment denying her motion to modify as to joint physical custody and to relocate with the minor child born of Mother's relationship with Gary Bowman ("Father"). Mother contends the trial court erred in denying her request to relocate the minor child where the request was made in good faith and the evidence showed the relocation was in the best interest of the child. Mother also argues the trial court erred in entering a judgment requiring Father to pay $319.00 for child support because the trial court used the incorrect schedule of basic child support obligations. Finally, Mother asserts the trial court erred in permitting Father to claim the minor child as a dependent for income tax purposes during even-numbered years. We affirm in part, and reverse and remand in part.

The minor child was born to Mother and Father on March 4, 1997. In 1999, a judgment was entered establishing paternity, visitation, custody, and child support. The judgment included a parenting plan where Mother and Father share joint legal custody and joint physical custody of the child. Mother's residence in Ste. Genevieve, Missouri was designated as the child's primary residence. The visitation schedule provided that Father's custodial period is every other Friday from 4:00 p.m. to Monday at 7:00 a.m., every Thursday from 4:00 p.m. to Friday at 7:00 a.m., and every Monday from 4:00 p.m. to Tuesday at 7:00 a.m. Father was ordered to pay $250.00 per month in child support. Father was also awarded the right to claim the child as a dependent for tax purposes during all even-numbered years.

On February 6, 2003, Father filed a motion to modify requesting primary physical custody and sole legal custody of the child, alleging in part that Mother's live-in boyfriend, Patrick Crawford, had been arrested and criminally charged with child molestation. Father also requested the trial court to terminate his child support obligation and order Mother to pay child support. Mother answered and filed a counter-motion to modify requesting modification of the visitation schedule, legal custody, and child support.

While the case was pending, Mother met Richard Stricker (Stricker) and they were engaged to be married. Thereafter, on May 2, 2005, Mother filed an amended motion to modify requesting relocation of the minor child from Ste. Genevieve to DeSoto, Missouri.

A hearing took place on August 25, 2005. After hearing the evidence, the trial court entered its judgment denying Mother's motion to modify as to physical custody and to relocate the minor child. In addition, the trial court denied Father's motion to modify as to physical custody and visitation. The trial court did modify Father's monthly support obligation from $250.00 to $319.00. In its judgment, the trial court concluded that "[e]xcept as herein expressly modified as to the amount of child support, the original judgment shall be in full force and effect." Mother now appeals.

In her first point, Mother maintains the trial court erred in denying her motion to modify physical custody and to relocate the minor child from Ste. Genevieve to DeSoto. Mother contends the request was made in good faith and the evidence showed that the relocation was in the best interest of the minor child. We disagree.

A judgment granting or denying permission to relocate minor children is reviewed pursuant to the well-known standard of *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). *Classick v. Classick*, 155 S.W.3d 842, 844 (Mo.App. S.D.2005). Thus, we will affirm the trial court's judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id.* We view the evidence and all reasonable inferences therefrom in the light most favorable to the judgment, disregarding contrary evidence and inferences. *Id.* We will not set aside a judgment as being against the weight of the evidence, unless we firmly believe that the judgment is wrong, or the judgment is clearly against the logic of the circumstances. *Id.*

Here, in denying Mother's request for relocation, the trial court stated:

The court finds insufficient evidence as to how said relocation would serve the minor child's best interest. The court further finds that it would be in said minor child's best interest to remain in the joint legal and physical custody [of] the parties as adopted, to remain within the current schools, community and fam-

ily setting as established and to continue the alternating actual physical custody arrangement.

To support its findings, the trial court noted that the parties had worked out a schedule of alternating custody which gives almost equal time with both parents, the minor child interacts with both sets of grandparents on a regular basis, the minor child has lived in Ste. Genevieve her entire life and attends school in Ste. Genevieve, and the minor child has adapted well to the custodial arrangements. In addition, the trial court was not persuaded by Mother's request for relocation due to her fiance's proposed future employment mandating residence in DeSoto where Mother's fiance is currently otherwise employed and capable of other employment.

▮ A party seeking to relocate with a minor child bears the burden of proving that the proposed move is made in good faith and is in the best interest of the child. Section 452.377.9, RSMo 2000; *Fohey v. Knickerbocker*, 130 S.W.3d 730, 734 (Mo. App. E.D.2004). Disputes concerning the relocation of a child must be resolved on their particular facts. *Fohey*, 130 S.W.3d at 734. The paramount concern is the best interest of the child. *Id.*

▮ In making its best interests determination, the trial court looks to the factors set forth in Section 452.375.2, RSMo Cum.Supp.2006. *Classick*, 155 S.W.3d at 845. Those factors include:

(1) The wishes of the child's parents as to custody and the proposed parenting plan submitted by both parties;

(2) The needs of a child for a frequent, continuing and meaningful relationship with both parents and the ability and willingness of parents to actively perform their functions as mother and father for the needs of the child;

(3) The interaction and interrelationship of the child with parents, siblings, and any other person who may significantly affect the child's best interests;

(4) Which parent is more likely to allow the child frequent, continuing and meaningful contact with the other parent;

(5) The child's adjustment to the child's home, school, and community.

(6) The mental and physical health of all individuals involved, including any history of abuse of any individuals involved. If the court finds that a pattern of domestic violence has occurred, and, if the court also finds that awarding custody to the abusive parent is in the best interest of the child, then the court shall enter written findings of fact and conclusions of law. Custody and visitation rights shall be ordered in a manner that best protects the child and any other child or children for whom the parent has custodial or visitation rights, and the parent or other family or household member who is the victim of domestic violence from any further harm;

(7) The intention of either parent to relocate the principal residence of the child; and

(8) The wishes of a child as to the child's custodian.

Section 452.375.2, RSMo Cum.Supp.2006. In finding relocation was not in the best interest of the minor child and denying Mother's request for relocation, the trial court did not specifically address all the factors in Section 452.375.2, RSMo Cum. Supp.2006. The trial court is not required to set out the factors it relied upon in finding the proposed relocation would not be in a child's best interest, and where the trial court is silent as to the factors, the trial court is presumed to have considered all the evidence and made its ruling based on consideration of the relevant statutory factors, unless the record indicates other-

wise. *Herigon v. Herigon,* 121 S.W.3d 562, 569–70 (Mo.App. W.D.2003).

■ In light of our standard of review, we find the trial court's finding that relocation was not in the best interest of the minor child is supported by the evidence and is not against the weight of the evidence. Mother testified that the reason for the requested relocation was that she was engaged to Stricker and he may get a permanent, paid position with the fire department that would require him to live in DeSoto.[1] At the time of the hearing, there was no position available. Stricker's current job as a truck driver does not restrict his residence to DeSoto. Moreover, both Mother and Father agreed that the current custody arrangement worked well. Under the current custody arrangement, Father only goes two days without seeing the minor child. Father testified that he believed that the parenting plan offered by Mother would not provide him with substantial and meaningful contact with the minor child because it would cut his current time with the child in half.

Furthermore, the evidence showed that the minor child sees her grandparents on a regular basis. The minor child's paternal grandmother took care of the child two days a week during the summer so the child would not have to attend daycare. The paternal grandmother was also available to watch the minor child when she was sick or there was a snow day. The evidence showed the minor child does well in school in Ste. Genevieve. She was involved in activities in the community, including The Girl Scouts and softball, and has friends in the community.

The trial court's finding that relocation was not in the best interest of the minor child is supported by the evidence and is not against the weight of the evidence. Point denied.

In her second point, Mother contends the trial court erred in entering a judgment requiring Father to pay $319.00 per month as child support because the trial court failed to use the amended schedule of basic child support obligations. We agree.

■ The trial court's order as to child support will be affirmed unless it is unsupported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Clark v. Clark,* 101 S.W.3d 323, 327 (Mo. App. E.D.2003).

Here, the trial court, after rejecting the Form 14s submitted by the parties and calculating its own Form 14, found that Mother's monthly gross income was $2,480.00 and Father's monthly gross income was $3,481.00. The trial court found that Mother incurs a cost of $130.00 per month for daycare, and Father pays $56.00 per month for health insurance coverage for the minor child. The trial court also concluded that Father was entitled to a twenty-five percent adjustment considering Father's "almost equal custody." The trial court then found the presumed child support amount to be $319.00. In making its calculations, the trial court used the basic child support amount of $809.00 for a combined income of $5,961.00.

Here, it is clear from the trial court's Form 14 that it used an incorrect basic child support amount, and Father concedes that the amount used by the trial court was incorrect. Form 14 was amended and the amendment went into effect on July 1, 2005. Prior to that amendment, the basic

---

1. At the time of the hearing, Stricker volunteered for the fire department. Stricker was previously employed as a firefighter, but sustained a knee injury that prevents him from entering a burning building.

child support amount for a combined income of $5,961.00 was $809.00, which was the amount used by the trial court. However, the amendment adjusted the Missouri Schedule of Basic Child Support Obligations. Under the Form 14 in effect at the time of the modification, the basic child support amount for a combined income of $5,961.00 was $874.00. The trial court failed to comply with Rule 88.01 in that the trial court did not find for the record a presumed child support amount pursuant to a correct Form 14 calculation.[2] *Clark*, 101 S.W.3d at 332. Thus, the trial court misapplied the law in failing to use the correct basic child support amount in calculating its Form 14. Point granted.

In her third and final point, Mother maintains the trial court erred in entering a judgment still permitting Father to claim the minor child as a dependent for income tax purposes during even-numbered years. We agree.

Here, the trial court calculated its own Form 14 and stated that its presumed child support amount of $319.00 per month was "not unjust or inappropriate." In its judgment, the trial court further stated that "[e]xcept as herein expressly modified as to the amount of child support, the original judgment shall be in full force and effect." In the original judgment, Father was awarded the right to claim the minor child as a dependent for income tax purposes during even-numbered years.

■ To determine whether the trial court erred in permitting Father to claim the minor child as a dependent during even-numbered years, we consider the procedures for awarding child support. To comply with the requirements of Section 452.340.8, RSMo Cum.Supp.2006, which sets out the guidelines for awarding child support, and Rule 88.01, the trial court, in awarding child support, is required to follow the two-step procedure set forth in *Woolridge v. Woolridge*, 915 S.W.2d 372, 379 (Mo.App. W.D.1996). *Vendegna v. Vendegna*, 125 S.W.3d 911, 913 (Mo.App. W.D.2004). In step one, the trial court must determine the presumed child support amount in accordance with Form 14. *Woolridge*, 915 S.W.2d at 379. The trial court may do so either by accepting the Form 14 calculation of one of the parties or by doing its own. *Id.* at 381–82. In the second step, the trial court, after considering all relevant factors, determines whether to rebut the presumed child support amount as being unjust or inappropriate. *Id.* at 379. In this case, the trial court chose to reject the Form 14s submitted by the parties and to calculate its own Form 14. After calculating the presumed child support amount, the trial court found the amount was not unjust or inappropriate.

■ The Form 14 calculation is based on certain assumptions, including Assumption 7, which states that "[t]he schedule of basic child support obligations assumes that the parent entitled to receive support claims the tax exemption for the children entitled to support." Because the Form

---

**2.** Rule 88.01 provides:

(a) When determining the correct amount of child support, a court or administrative agency shall consider all relevant factors, including all relevant statutory factors.

(b) There is a rebuttable presumption that the amount of child support calculated pursuant to Civil Procedure Form No. 14 is the correct amount of child support to be awarded in any judicial or administrative proceeding. Unless a request is filed pursuant to Rule 73.01(c), a written finding or a specific finding on the record by the court or administrative agency that the child support amount under a correctly calculated Form No. 14, after consideration of all relevant factors, is unjust or inappropriate shall be sufficient in a particular case to rebut the presumption that the amount of child support so calculated is correct.

14 presumed child support amount is based, in part, on Assumption 7, to award a dependent tax exemption to the child-support obligor, the trial court is required to rebut the presumed child support amount as being unjust or inappropriate. *Conrad v. Conrad,* 76 S.W.3d 305, 313 (Mo.App. W.D.2002); *Vendegna,* 125 S.W.3d at 914.

■ Thus, to continue to allow Father to claim the minor child as a dependent in even-numbered years, the trial court was required to rebut the presumed child support amount it found by making an express finding that it was unjust or inappropriate. *Conrad,* 76 S.W.3d at 313; *Vendegna,* 125 S.W.3d at 914–15. Because the record reflects that the trial court expressly found the opposite, that the presumed child support amount of $319.00 was not unjust or inappropriate, the trial court erred in allowing Father to continue to claim the minor child as a dependent in even-numbered years. Point granted.

The judgment is affirmed as to the denial of Mother's request to relocate. The judgment as to the modification of child support is reversed, and the cause is remanded for the trial court to calculate a Form 14 using the correct basic child support amount and for the trial court to make a finding as to whether that amount is unjust or inappropriate in considering whether Father should be awarded the right to claim the minor child as a dependent for tax purposes in even-numbered years.

GEORGE W. DRAPER III, P.J. and GARY M. GAERTNER, SR., J., concur.