John E. BATKA, Appellant,

v.

Sharon K. BATKA, Respondent.

No. ED 85387.

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 30, 2005.

Daniel R. Schramm, Chesterfield, MO, Joanna W. Owen, St. Louis, MO, for appellant.

W. Scott Pollard, Florissant, MO, for respondent.

## OPINION

GLENN A. NORTON, Judge.

John Batka ("Husband") appeals the judgment modifying the parties' separation decree, in which the court removed the termination date on maintenance awarded to Sharon Batka ("Wife") and ordered Husband to provide health insurance for Wife. We reverse.

## I. BACKGROUND

At the time the parties separated in 1994, Wife had been declared disabled, was receiving disability benefits and was not working. The parties' separation agreement provided that Husband would pay Wife $700 a month in maintenance for ten years, until April of 2004. The parties had originally agreed that maintenance would be non-modifiable, but the court told the parties it would not approve the ten-year term unless it was modifiable because that would be unconscionable in that there was no evidence that Wife would be able to support herself at the expiration of that term. Thus, the parties made the maintenance provision modifiable. Husband also agreed to maintain health insurance coverage for Wife until November 1995. The court found that the parties' separation agreement was not unconscionable and incorporated it into a separation decree.

In March of 2004, Wife moved to modify the separation decree to increase the amount of maintenance and to remove the termination date from the maintenance provision. She cited the deterioration of her health, her inability to work and the increased cost of living as the changed circumstances necessitating modification. Her motion did not mention her health insurance, which Husband had continued to provide for Wife voluntarily even after the expiration of the agreement. The parties stipulated that Husband was able to pay maintenance and that Wife was disabled. At the hearing on Wife's motion, she testified about her worsened physical condition and the additional medical prob-

lems she had developed since the separation decree. She also testified that she had worked up until the last year of the marriage, when her treatments at a pain management clinic made it too difficult to continue working. Since the separation decree, Wife had attempted babysitting her sister's children, but testified that she was not able to do it everyday because of her medical condition. Wife also testified to her expenses and her income, both of which had increased to some degree since the parties separated. The parties' income and expense statements filed at the time of separation and those filed at the time of the motion to modify were also before the court. Wife testified that she had worked out a budget and could live comfortably on the maintenance she was receiving.

Wife testified that she had accepted the ten-year term of maintenance despite advice that, with her health problems, she should not agree to that limitation. Each party testified that the length of the term was the other party's idea based on the number of years the parties had been married. Wife also indicated that, at the time of the separation agreement, she had hoped that her financial and physical situation would improve.

The court concluded that Wife's medical condition had not improved and that she had met her burden of showing that she still was not capable of supporting herself without maintenance. The court went on to say that if there needed to be a change in circumstances since the separation decree to support modification, it found "that Wife has not become self-supporting within ten years and her medical condition has not improved as the parties anticipated." The court did not increase the amount of maintenance, but did order Husband to continue paying it until further modification by the court and also ordered Husband to continue providing Wife's health insurance coverage "in the nature of support." Husband appeals.[1]

## II. DISCUSSION

■ We will affirm a judgment modifying a dissolution decree unless it is unsupported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Clark v. Clark*, 101 S.W.3d 323, 329 (Mo. App. E.D.2003). The evidence, including all reasonable inferences drawn therefrom, is viewed in the light most favorable to the judgment, and all contrary evidence and inferences are disregarded. *Id.* We defer to the trial court even if the evidence could also support a different conclusion. *Id.* In this case, even construed favorably to the judgment, the trial court's conclusion is not supported by substantial evidence.

### A. Maintenance

■ In general, the court may modify maintenance only if the moving party proves by detailed evidence a change in circumstances so substantial and continuing as to make the terms of the original maintenance order unreasonable. *Id.* at 330; section 452.370.1 RSMo 2000.[2] When, as in this case, the maintenance order includes a termination date, the court may only extend the duration of maintenance beyond that date "based upon a substantial and continuing change of circumstances which occurred prior to the termination date of the original order." Section 452.335.3. "We strictly enforce these statutory requirements so as to discourage recurrent and insubstantial mo-

---

**1.** Wife has not filed a responsive brief with this Court.

**2.** All statutory references are to RSMo 2000.

tions for modification." *Draper v. Draper,* 982 S.W.2d 289, 291 (Mo.App. W.D.1998).

■ Here, the trial court initially misstated that Wife had the burden only to show that she still needed maintenance at the expiration of the original term:

> By doing what the parties eventually agreed [that is, a ten-year modifiable term of maintenance] they shifted the burden to Wife to show after the ten years that her medical condition still required that she needed the maintenance. Without the ten year limitation it would have been Husband's burden to show that Wife does not need maintenance. The Court sees the issue before it as whether Wife's medical condition and employability has changed such that she no longer needs maintenance but that it is her burden to show that she still needs the maintenance.

This approach required Wife to show that there had been *no change* in the circumstances since the separation decree. The statutes require a movant on a motion to modify to show a change, not the absence of change. *See* sections 452.370.1 and 452.335.3. The trial court correctly noted that, had there been no limit on the duration of maintenance,[3] it would have been up to Husband to move to modify the decree to terminate maintenance and then

it would have been his burden to show a change in circumstances, which Wife could have rebutted with evidence that she still needed maintenance. But that is not the procedural posture of this case, and because Wife moved to modify she had the burden to show the changed circumstances.

Despite the trial court's misstatement of the parties' relative burdens and the standards for modification, it nevertheless made a finding that Wife's failure to become self-supporting and lack of improvement in her health, "as the parties anticipated," constituted a change in circumstances. Husband contends that the trial court's failure to address whether the change in circumstances rendered the original term of maintenance unreasonable was a misapplication of the law. The failure to make this finding using the express language of the statute, however, does not render the modification erroneous, as long as there is evidence to support a finding of a substantial and continuing change in the circumstances. *See Nelson v. Nelson,* 14 S.W.3d 645, 651 (Mo.App. E.D.2000). The evidence did not support the trial court's finding in this case.

**1. Changes in Wife's Health and Earning Capacity**

---

3. The separation agreement including the limited duration maintenance provision was incorporated into the decree—which was not appealed—and therefore is binding. *See generally* section 452.325.2; *see also Eveland v. Eveland,* 156 S.W.3d 366, 368 (Mo.App. E.D. 2004). Although the propriety of incorporating that provision into the decree is not before us on this appeal, we note that it appears from the record that the court could have rejected as unconscionable not just the nonmodifiable aspect of maintenance, but also the limited duration. "There is a judicial preference for awards of unlimited maintenance. Limitation on the duration of maintenance is justified only where substantial evi-

dence exists of an impending change in the financial conditions of the parties." *Craig–Garner v. Garner,* 77 S.W.3d 34, 39 (Mo.App. E.D.2002) (internal citations omitted). "There must be some evidence that the original maintenance award will no longer be required in the future." *McIntosh v. McIntosh,* 41 S.W.3d 60, 72 (Mo.App. W.D.2001). Here, the court expressly stated that there was no evidence at the time of separation that Wife would be able to support herself after ten years. Thus, it seems that the court would have been justified in refusing to approve that term of years and, instead, entering an order of unlimited modifiable maintenance.

Although there was evidence that Wife's medical condition had deteriorated and that she had developed new medical problems since the time of separation, her health is only relevant to maintenance—and can only constitute a change in circumstances supporting modification—to the extent that it affected her earning capacity. *See Meiners v. Meiners*, 858 S.W.2d 788, 792 (Mo.App. E.D.1993) (citing *Fulp v. Fulp*, 808 S.W.2d 421, 423 (Mo. App. W.D.1991)). There is no dispute on appeal that Wife has been unable to work due to her medical condition. But that was true at the time of separation as well: she was not working due to her disability at the time of the original separation decree and she was not working due to her disability at the time she sought modification. Therefore, although her health had worsened, her inability to support herself remained the same. The trial court's findings that Wife's medical condition had not improved and that she was not able to support herself were not changes in the circumstances and provided no basis for extending maintenance past the termination date in the original decree.

## 2. Changes in the Parties' Expectations

The court's findings seem to have hinged not so much on the circumstances themselves being different than they were at the time of separation, but on the circumstances being different than the parties had anticipated they would be at the expiration of maintenance. Even if the difference between the circumstances at the end of a limited-duration maintenance provision and the parties' expectations about those circumstances could constitute a change supporting modification of the termination date, such a finding would have to be based on sufficient evidence of

the parties' expectations at the time of the original decree. "It is rudimentary that in order to determine whether circumstances have changed, one must first have knowledge of the circumstances to be compared." *Smillie v. Smillie*, 989 S.W.2d 619, 622 (Mo.App. S.D.1999). Here, the only evidence that supported the court's finding that the parties had anticipated Wife would be better and able to support herself after ten years was Wife's testimony that she had "hoped" that she would be able to work and that her physical situation would get better. Even construed favorably to the court's judgment, this testimony at best demonstrates Wife's expectations, which were unsupported—according to the court's statement—by any evidence at the time of separation that she would be able to support herself after ten years. And there was no evidence as to Husband's expectations regarding Wife's health or ability to work after ten years. Thus, the trial court's finding regarding the parties' expectations was not supported by substantial evidence and provided no basis for extending maintenance past the termination date in the original decree.

## 3. Changes in Wife's Expenses

Husband contends that there was not a significant increase in Wife's expenses in the last ten years to support modification. Although Wife's motion was based in part on her increased cost of living, the trial court did not include that in its findings of changed circumstances, and it does not appear that the court otherwise relied on any increase in her expenses to support its extension of the modification term. Rather, the trial court's conclusions regarding Wife's expenses appear to have been related to its decision not to increase the amount of maintenance.[4] In any case, the

4. After concluding that Wife's expenses were

reasonable, the court went on to find "that

evidence would not have supported a conclusion that Wife's expenses had increased so substantially and permanently as to render the original termination date on maintenance unreasonable.

At the hearing, Wife admitted that the average monthly expenses on her 2004 statement were overstated by $58.40. Wife's expense statement also included $71.33 a month in charitable contributions and $160.68 a month for savings. Wife testified that she did not start donating to charity until after the parties separated and that she has stopped since Husband's maintenance payments ceased. Similarly, Wife testified that for the first couple of years she was receiving maintenance, she was not able to add to her savings. But then she devised a budget under which she could meet her needs on the maintenance she was receiving and "do a little bit of savings" to cover unanticipated expenses. She testified that she had used some of her savings to put a down-payment on a car and to fix another car. Since maintenance terminated, however, Wife has also had to infringe on her savings to pay her monthly expenses.

■■■ As Husband contends, neither of these expenses are allowable. It is well-settled that modest charitable contributions may be included when figuring the reasonable expenses of the party seeking maintenance only if there is substantial evidence that those contributions were made throughout the course of the marriage. *See Cohen v. Cohen*, 73 S.W.3d 39, 50–51 (Mo.App. W.D.2002) (error to include contributions where charitable giving commenced when parties separated). Likewise, inclusion of Wife's contributions to savings as a reasonable expense was improper, as that would amount to the creation of a "future estate" contrary to "both the literal meaning of 'maintenance' and the conceptual theories undergirding the Dissolution of Marriage Act." *Fausett v. Fausett*, 661 S.W.2d 614, 618 (Mo.App. W.D.1983). Maintenance awards are to be limited to the demonstrable needs of the party receiving support and not to provide an accumulation of capital. *Muenz v. Muenz*, 99 S.W.3d 4, 8 (Mo.App. E.D. 2002).

■■■ Deducting the $58.40 overstatement, the $71.33 in charitable contributions and the $160.68 in savings from the $1543 in total average monthly expenses she reported on her 2004 statement, Wife's allowable monthly expenses were $1252.59. Her monthly expenses at the time of separation were $1323.35. Thus, her expenses decreased by $70.76 since the time of separation, and that change in circumstances could not support an extension of the maintenance term.[5]

---

Wife needs more than $700 per month in maintenance to meet her reasonable needs but Wife has not presented sufficient evidence as to what her reasonable needs to meet her standard of living and the Court will not speculate as to what those needs might be except that Wife needs for Husband to continue paying the medical insurance or the maintenance should be increased by that amount."

**5.** The trial court noted that Wife had testified that she had used her savings to cover extraordinary expenses recently and therefore her contributions to savings was a reasonable expense. "A trial court, in calculating and awarding maintenance, may allow a reasonable amount above the itemized expenses of the party seeking maintenance to meet unexpected day-to-day expenses which, given their nature, may be reasonable under the circumstances, yet are incapable of specific itemization." *Childers v. Childers*, 26 S.W.3d 851, 856 (Mo.App. W.D.2000). But even if it was within the court's discretion to increase maintenance to include some amount to cover unexpected expenses, we decline to say that Wife's increased ability to save in order to cover unanticipated expenses was a proper basis for finding that the original termination date on maintenance was unreasonable and

In sum, Wife failed to meet her burden to prove that there has been, since the time of separation, a substantial and continuing change in circumstances rendering the original termination date on maintenance unreasonable. Her motion to modify should have been denied.

## B. Health Insurance

 Husband argues that the court's order to pay Wife's health insurance was void because it was outside the scope of relief requested in the pleadings and unsupported by sufficient evidence of a change in the circumstances. First, it might be possible to construe the court's order as an increase of the maintenance award by the amount of the health insurance. This appears to have been the court's intent, given that it found that Wife needed for Husband to continue paying the insurance or the maintenance needed to be increased by that amount. *See note 4 supra.* Since Wife requested an increase in maintenance, that issue was properly before the court. Nevertheless, because we have concluded that Wife failed to prove that maintenance should be extended past the original termination date, any issue as to the amount of maintenance is moot.

Moreover, the order appears to be void on other grounds. Although insurance can be a form of maintenance, where the parties have classified it otherwise in an agreement and that agreement is found not unconscionable and is incorporated into a decree that is not appealed, the parties are bound by that agreement as they intended. *See generally Eveland,* 156 S.W.3d at 368. Here, the plain language of the parties' agreement unambiguously demonstrates that they intended Hus-

band's obligation to provide Wife health insurance to be a division of property. A division of property is not modifiable. *See id.; see also* section 452.330.5. Thus, to the extent the court's judgment purports to adjudicate the parties' obligations with respect to previously divided marital property, the court acted in excess of its jurisdiction. *See generally Frisella v. Frisella,* 872 S.W.2d 637, 641 (Mo.App. E.D.1994).

## III. CONCLUSION

The judgment is reversed.

CLIFFORD H. AHRENS, P.J. and NANNETTE A. BAKER, J. concurring.

---

should be extended—especially in the absence of any such argument from Wife on appeal or any such finding by the trial court.