**Barbara K. SWARTZ, Respondent,**

v.

**Steven A. JOHNSON, Appellant.**

**No. WD 65812.**

Missouri Court of Appeals, Western District.

June 6, 2006.

Regina K. Bass and Marilyn M. Shapiro, Kansas City, MO, for Appellant.

Sheldon Bernstein, Kansas City, MO, for Respondent.

Before RONALD R. HOLLIGER, P.J., HAROLD L. LOWENSTEIN, and ROBERT G. ULRICH, JJ.

ROBERT G. ULRICH, Judge.

Steven A. Johnson appeals the judgment that modifies the judgment that dissolved his marriage with Barbara K. Swartz by increasing the amount of maintenance he is required to pay to his former spouse. Mr. Johnson presents three points on appeal, with multiple subpoints. In his first and second point, Mr. Johnson argues that the trial court's judgment was against the weight of the evidence, each point expressing numerous reasons for his claim. In his third point on appeal, Mr. Johnson argues the trial court erred in denying his motion to reconsider or amend the judgment as untimely because the motion was timely filed. Mr. Johnson's second point is granted in that there was not a change in circumstances that rendered the original judgment unreasonable. The judgment is reversed.

### Facts

Mr. Johnson and Ms. Swartz were married on May 11, 1986. They entered into a separation agreement May 11, 1995. The separation agreement, which, among other things, set forth the terms of maintenance awarded to Ms. Swartz, was approved by the trial court and wholly incorporated into its Decree of Legal Separation entered on May 11, 1995. The Decree of Legal Separation awarded Ms. Swartz modifiable periodic maintenance in the amount of $300 per month and non-modifiable maintenance in the amount of $550 per month. The non-modifiable maintenance was to terminate upon the occurrence of certain provisions set forth in the agreement or at the conclusion of nine years. The Decree of Legal Separation contained the following provision:

> Regardless of circumstances, non-modifiable maintenance will be terminated by mutual agreement after a period not to exceed nine (9) years. This termination would not be considered a substantial and continuing change of circumstances so as to increase the modifiable maintenance.

Mr. Johnson and Ms. Swartz's marriage was dissolved on August 23, 1998. The

Judgment of Dissolution of Marriage converted the Decree of Legal Separation to a Decree of Dissolution of Marriage and in no way altered the terms of the Decree of Legal Separation.

Prior to the marriage, in July 1985, Ms. Swartz sustained a closed head injury when she fell from a horse. The accident caused brain-damage. Since 1996, Ms. Swartz has been employed two to four hours per week tutoring disabled individuals at a community college. She also receives Social Security disability benefits and a small amount of money from stock dividends.

Ms. Swartz filed a Motion to Modify to Increase Maintenance on March 8, 2004. The non-modifiable maintenance of $550 per month provided for by the separation agreement terminated in May 2004. Mr. Johnson filed a Motion to Modify to Terminate Maintenance on August 24, 2004. Trial was had on March 3, 2005, and judgment was entered on April 7, 2005.

The trial court found that Ms. Swartz is totally disabled as a result of the injuries she sustained from the July 1985 accident and that she is not able to work full time in any occupation. It also found that Ms. Swartz works four hours per week tutoring college students with brain injuries and that she is unable to extend her work hours because of her own disability. The trial court further found that Ms. Swartz has a monthly income of $921 and has reasonable and necessary monthly expenses of $2,444. It found that Mr. Johnson has a monthly income of $5,021 and has reasonably monthly expenses of $2,237; he resides with his current wife and his two step-children; his current wife earns $57,806 per year and receives child support for her children; and she is capable of providing for all the household expenses attributable to the two children and herself.

The trial court found that since the judgment awarding maintenance was entered, a substantial and continuing change of circumstances has occurred that made the original order unreasonable. In support of its finding, the court also found that Ms. Swartz is totally disabled and unable to support herself through employment and income producing property, and her cost of living has increased. It further found that Mr. Johnson's earnings have increased and that his new wife is capable of contributing toward the household expenses. The trial court increased the maintenance awarded to Ms. Swartz from $300 per month to $1,000 per month and denied Mr. Johnson's motion to terminate maintenance.

Mr. Johnson's appeal followed.

## Standard of Review

The judgment of the trial court must be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law. *McCallum v. McCallum,* 184 S.W.3d 169, 171 (Mo.App. E.D.2006). The evidence and reasonable inferences drawn therefrom are viewed in the light most favorable to the prevailing party. *Id.* The trial court is in a superior position to judge witness credibility and sincerity and, as such, may accept all, part, or none of any witness's testimony. *Id.* All fact issues upon which the trial court failed to make specific findings are considered as having been found in accordance with the judgment. *Rustemeyer v. Rustemeyer,* 148 S.W.3d 867, 870 (Mo.App. E.D.2004); Rule 73.01. The trial court's judgment modifying maintenance is reviewed for an abuse of discretion. *Lee v. Gornbein,* 124 S.W.3d 52, 56 (Mo.App. W.D.2004).

## Analysis

■ As Mr. Johnson's second point is dispositive, it is the only point addressed. In his second point, Mr. Johnson argues that the trial court's judgment was against the weight of the evidence because: (a) Ms. Swartz failed to show circumstances changed rendering the original award unreasonable as required by section 452.370;[1] (b) Ms. Swartz's continuing health impairment did not constitute a substantial and continuing change of circumstances; (c) Ms. Swartz's testimony regarding her reasonable needs and expenses was inconsistent; (d) Mr. Johnson does not have the ability to pay the modified maintenance; and (e) the trial court erred in attributing income and expenses to Mr. Johnson's current spouse. Subpoints (a) and (b) are granted, and the judgment is reversed.

■ Section 452.370.1 provides that an award of maintenance "may be modified only upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable." § 452.370.1; *Winchester v. Winchester*, 163 S.W.3d 57, 60 (Mo.App. S.D.2005). In determining whether a substantial change of circumstances has occurred, the trial court must consider all financial resources of both parties. § 452.370.1; *Winchester*, 163 S.W.3d at 60. "Changed circumstances sufficient to support modification must be proven by detailed evidence and must also show that the prior decree is unreasonable." *Rustemeyer*, 148 S.W.3d at 870. The party seeking modification has the burden of establishing that the terms of the prior decree have become unreasonable. *Id.* "This statutory standard is intended to be strict in order to discourage recurrent and insubstantial motions for modification." *Goodman v.*

*Goodman*, 165 S.W.3d 499, 500 (Mo.App. E.D.2005) (citation omitted).

■ Although an increase in the income of the spouse paying maintenance is a relevant factor for the trial court to consider, it alone does not require the court to modify the amount of maintenance previously ordered. *Rustemeyer*, 148 S.W.3d at 870. "The ultimate issue is whether ... changes are sufficiently substantial and continuing so as to make the original terms of the decree unreasonable." *Id.* at 870–71. "A change in circumstances must be unknown and unforeseeable at the time of the entry of the judgment that the spouse seeks to modify. To warrant modification, the change in circumstances must involve a departure from prior known conditions, including those known at time of dissolution." *Id.* at 871. "The ultimate issue remains whether these changes are sufficiently substantial and continuing so as to make the original terms of the decree unreasonable." *Laffey v. Laffey*, 72 S.W.3d 143, 148 (Mo.App. W.D.2002).

Mr. Johnson argues that detailed evidence of changed circumstances rendering the original award unreasonable was not presented. The trial court found that such a change had occurred. It found that Ms. Swartz is totally disabled and unable to support herself through employment and income producing property. This was true at the time of the separation and dissolution as well, however. Ms. Swartz was disabled and receiving disability benefits at the time of the separation and dissolution. Her continuing disability is not a change of circumstances.

In *Batka v. Batka*, 171 S.W.3d 757, 758 (Mo.App. E.D.2005), the parties entered into a separation agreement, incorporated into the separation decree, wherein wife was to receive maintenance for ten years.

1. All statutory references are to RSMo 2000 unless otherwise stated.

The maintenance provision was modifiable. *Id.* at 758. At the time of the separation, wife was disabled, receiving disability benefits, and unemployed. *Id.* Wife sought to modify the maintenance so as to increase the amount and remove the termination date. *Id.* The modification trial court found that wife's failure to become self-supporting and that her health had not improved as the parties had anticipated at the time of the separation constituted a change in circumstances. *Id.* at 760. The reviewing court noted that a former spouse's health "is only relevant to maintenance—and can only constitute a change in circumstances supporting modification—to the extent it affected her earning capacity." *Id.* at 761. The court then observed that spouse was unable to work at the time of the separation and that she remained unable to work at the time of the modification hearing. *Id.* The trial court concluded that circumstances had not changed to render the original judgment unreasonable. *Id.* The same is true here, and, thus, Ms. Swartz's continuing disability is not a change in circumstances as contemplated by section 452.370.

The trial court also found that Ms. Swartz's cost of living has increased. This finding is not supported by sufficient evidence. While the trial court took judicial notice of the dissolution file and the separation agreement, no evidence was presented of what Ms. Swartz's expenses were at the time the parties legally separated or the marriage was dissolved. All of the evidence presented concerned her current income and expenses.

In *Smillie v. Smillie,* 989 S.W.2d 619, 620 (Mo.App. S.D.1999), the trial court granted wife's motion to modify maintenance. Husband complained on appeal that wife failed to present any evidence of her expenses at the time of the parties' dissolution. The appellate court stated:

It is rudimentary that in order to determine whether circumstances have changed, one must first have knowledge of the circumstances to be compared. "In a modification proceeding, the concept of 'change' necessarily entails a departure from a *known* prior state or condition." *Fulp v. Fulp,* 808 S.W.2d 421, 423 (Mo.App.1991) (citing *Hopkins v. Hopkins,* 591 S.W.2d 716, 719 (Mo. App.1979)) (emphasis added). Thus, in order to satisfy her burden of proof, it was incumbent upon Respondent to show the circumstances as they existed at the time of the parties' dissolution, including the parties' expenses. Appellant correctly points out that Respondent failed to present any evidence showing her expenses at the time of the dissolution or how her expenses have changed since that time.

*Id.* at 622. The same is true here, and, thus, insufficient evidence was presented to support the finding that Ms. Swartz's expenses had increased.

Finally, the trial court found that Mr. Johnson's income had increased and that his current spouse is capable of contributing toward their household expenses. Mr. Johnson was making $48,000 a year at the time of separation; he now makes between $60,000 and $65,000 per year. An increase in the income of the spouse paying maintenance is a relevant factor for the trial court to consider, but it alone does not require the court to modify the amount of maintenance previously ordered. *Rustemeyer,* 148 S.W.3d at 870. The increase in Mr. Johnson's salary is not a change in circumstances rendering the original award unreasonable.

Another suggested change in circumstances was that general inflation has increased Ms. Swartz's costs since the parties legally separated. As noted, *supra,* no evidence was offered of Ms. Swartz's costs

at the time of the separation or dissolution with which to compare her costs at the time of the modification hearing.

Ms. Swartz argues that the change of circumstances warranting the modification of maintenance was that she was unable to earn an income sufficient to support herself as anticipated by the parties at the time the separation agreement was executed. The separation agreement provided for Ms. Swartz to receive non-modifiable maintenance. The agreement contained a formula that decreased maintenance as Ms. Swartz's income increased. It also provided that the non-modifiable maintenance would cease after nine years, regardless Ms. Swartz's income, and the termination of non-modifiable maintenance would not be considered a substantial and continuing change of circumstances to increase the modifiable maintenance. This agreement was wholly incorporated and set forth in the Decree of Legal Separation and the Decree of Legal Separation was converted into a Decree of Dissolution of Marriage without being altered. Ms. Swartz argues that the formula in the separation agreement, whereby the amount of non-modifiable maintenance would decrease as her income increased, indicates that the parties anticipated her being able to earn a sufficient income in the future. She argues that the substantial change in circumstances justifying the increase in maintenance was that she would never be able to secure any meaningful employment, as testified to by her vocational expert.

Ms. Swartz's argument is unpersuasive. While both parties testified that they anticipated Ms. Swartz's disability would improve following dissolution of the marriage and she would be able to better support herself, the parties agreed that the non-modifiable maintenance would end after nine years, regardless whether Ms. Swartz was actually able to maintain employment. If Ms. Swartz's employability was significant, she would not have bargained to terminate the non-modifiable maintenance after nine years, regardless whether she was employed.

The only other possible change of circumstance is that Ms. Swartz is no longer receiving the $550 per month in non-modifiable maintenance. At trial, Ms. Swartz testified that the loss of this money made satisfying her expenses difficult and that she had to rely on her parents more for support since the non-modifiable maintenance ceased. The separation trial court did not find the parties' separation agreement unconscionable and incorporated it into the Decree of Legal Separation, which was not appealed. The Decree of Legal Separation was converted into the Decree of Dissolution of Marriage, which also was not appealed. Because of this, the terms of the agreement are binding. *Eveland v. Eveland,* 156 S.W.3d 366, 369 (Mo.App. E.D.2004). "[T]he parties are bound by the terms of their agreement, as they intended to be." *Shaver v. Shaver,* 913 S.W.2d 443, 445 (Mo.App. E.D.1996) (citation omitted) (holding that where the separation agreement, approved by the court and incorporated into the decree, provides that maintenance provision is not modifiable, the trial court may not modify it). The separation agreement explicitly provides that the termination of the non-modifiable maintenance is not to be considered a significant change in circumstances warranting modification of the modifiable maintenance. The parties are bound by this agreement, and the termination of the non-modifiable maintenance is not a change in circumstances rendering the award of modifiable maintenance unreasonable.

Ms. Swartz had the burden of proving by detailed evidence that substantial and

continuing changed circumstances made the original award of maintenance unreasonable. *Rustemeyer*, 148 S.W.3d at 870. She failed to meet that burden.[2] The trial court's finding that such changed circumstances had occurred with supporting evidence was an abuse of discretion. The judgment is reversed, and the original order of modifiable maintenance in the amount of $300 per month is reinstated.

All concur.

2. Both parties filed motions to modify, and both parties alleged that a sufficient change in circumstances existed to warrant modifying the maintenance. As noted in *Moseley v. Moseley*, 744 S.W.2d 874, 878 (Mo.App. S.D. 1988):

> In cases involving the modification of a duty of support arising out of the marital relationship, the state has a continuing interest and that interest is expressed by the statute which requires a *showing* of changed circumstances so substantial and continuing as to make the original decree unreasonable. § 452.370.1. The bare assertions of a motion to modify alleging in broad terms that circumstances have changed since the prior decree but which are not supported by evidence at a hearing on the motion, do not rise to the level of a showing of changed circumstances as mandated by the statute.

Thus, the fact that both parties alleged that circumstances had sufficiently changed has no impact on the analysis.