

# In the Missouri Court of Appeals
## Eastern District
### DIVISION THREE

| | | |
|---|---|---|
| ERICA C. TATUM, | ) | No. ED102465 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court of |
| | ) | the City of St. Louis, Missouri |
| vs. | ) | 22053-02795-02 |
| | ) | |
| TERRY TATUM, | ) | Honorable Thomas J. Frawley |
| | ) | |
| Appellant. | ) | Filed: January 19, 2016 |

## OPINION

Terry Tatum ("Father") appeals from that portion of the trial court's judgment which granted Erica C. Tatum's ("Mother") motion to modify the amount of his child support obligation. Father asserts that the court's calculations were erroneous in multiples respects. Because we find that the court's calculations were proper and within the court's considerable discretion, we affirm.

### Facts and Procedural History

Father and Mother were married on June 6, 1997. Two children were born during the marriage: K.T., on August 15, 1997, and T.T., on November 5, 1998 (collectively the "Children"). The parties separated on February 1, 2005, and the marriage was dissolved on August 29, 2005. Under the judgment of dissolution, Mother and Father were awarded joint legal and physical custody of the Children. Neither parent was ordered to pay any child support.

On March 16, 2009, the court modified the judgment of dissolution and awarded Mother sole legal and physical custody of the Children. Father was awarded visitation and ordered to pay child support in the amount of $814 per month.

On February 1, 2012, Mother filed a motion to modify Father's child support obligation seeking to include the cost of T.T.'s attendance at a private school to address his particular educational needs. Father maintained that T.T.'s learning needs were fully met by the public school system and therefore he should not be responsible for any private school tuition.

From 2006 to 2008, T.T. was enrolled in public school. During this time, T.T. was evaluated for special education services offered by the public school but was found to be ineligible. As a result, and on the recommendation of the public school officials, Mother began investigating whether a private school would more appropriately meet T.T.'s educational needs.

In 2009, T.T. began the fifth grade and was enrolled in a private school which Mother believed would better address T.T.'s needs. Both Mother and Father signed the enrollment and tuition agreement for the 2009-2010 school year. However, Father did not pay any of the tuition for that school year. T.T. continued to attend the private school through the eighth grade, though Father did not sign the enrollment and tuition agreement again and did not pay for any of T.T.'s tuition. After the eighth grade, T.T. was enrolled in a private high school. He is on schedule to graduate in 2017. His sister, K.T., has attended public school throughout her education and was on schedule to graduate from high school in 2015.

After the court held an evidentiary hearing on the matter, the court entered its judgment in which it found that Father was obligated to share in the cost of T.T.'s private schooling. The court found there were substantial and continuing changes in circumstances which rendered the monthly child support Father paid to be unreasonable. Though the parties submitted their own Form 14 child support worksheets, the trial court rejected those calculations as unjust and inappropriate. Instead, the court did its own calculations of Father's past and future modified child support obligations which it set forth in the judgment as follows: 1) $935 per month from March 1, 2012, through August 30, 2012, while T.T. was enrolled in the seventh grade at the private school; 2) $1,286 per month from September 1, 2012, through August 30, 2012, while T.T. was enrolled in the eighth grade at the private school; 3) $814 per month from September 1, 2013, through August 30, 2014, while T.T. was enrolled in the ninth grade at the private high school; 4) $1234 per month beginning on September 1, 2014, and every month thereafter while T.T. is enrolled at the private high school and until K.T.'s emancipation; 5) $1074 per month following K.T.'s emancipation while T.T. is enrolled at the private high school; and 6) $426 per month for T.T. after T.T. has graduated from the private high school until his emancipation.

On September 24, 2014, Father filed a motion for new trial. The trial court did not rule on that motion so by operation of Rule 78.06 that motion was deemed overruled. Father timely appealed.

## Standard of Review

When reviewing a child support modification order, we must affirm the trial court's judgment unless there is no substantial evidence to support it, it is against the

weight of the evidence, or it erroneously applies or declares the law. *Hoffman v. Hoffman*, 423 S.W.3d 869, 876 (Mo.App.E.D. 2014). We will not disturb a child support award unless the evidence is palpably insufficient to support it. *Id.* We defer to the trial court's credibility determinations and view the evidence in the light most favorable to the judgment. *Id.*

## Discussion

### A. The Rule 84.04 Deficiencies in Father's Brief

In her brief, Mother has requested that the court dismiss Father's appeal based upon the failure to comply with Rule 84.04(d) and (e). We agree that Father's brief is seriously deficient in numerous respects, but given the child-welfare interests at stake here, we *ex gratia* review Father's claims to the extent we are able to discern the issues presented. See *Buckley v. Tipton*, 270 S.W.3d 919, 922 (Mo.App.W.D. 2008) (citing *In the Interest of Holland*, 203 S.W.3d 295, 299 (Mo.App.S.D. 2006)) (noting that the court may relax the rigid requirements of Rule 84.04 in cases relating to children's welfare if the court can sufficiently ascertain the issues being raised).

### B. The Court's Form 14 Calculations are Proper and Within Its Discretion

Father raises four claims of error with respect to the trial court's calculation of the child support amount: (1) the court erred in including private education costs as an "extraordinary expense" in Form 14, Line 6e; (2) the court miscalculated Mother's income by omitting her income from a second job which Father claims she had; (3) the court incorrectly calculated Father's income; and (4) the court ordered Father to pay a portion of the premium Mother paid for health insurance for the Children without a sufficient basis to do so.

4

In calculating child support, there is a rebuttable presumption that the amount of child support calculated pursuant to Form 14 is the correct amount of child support to be awarded. Rule 88.01(b). The trial court can rebut that presumption, however, by making a written finding that the Form 14 amount, after consideration of all relevant factors, is unjust or inappropriate. *Id.* The trial court has broad discretion in considering whether to rebut the Form 14 amount. *Waite v. Waite*, 21 S.W.3d 48, 52 (Mo.App.E.D. 2000). Nevertheless, the trial court is not required to make a finding that the Form 14 amount is unjust or inappropriate when ordering a parent to pay any percentage of other extraordinary child-rearing costs like private education. *Hart v. Hart*, 210 S.W.3d 480, 490 (Mo.App.W.D. 2007); Form 14, COMMENTS, Line 6e, Comment A.

*1. Private Education Costs*

We find that the court acted properly and within its discretion when it ordered Father to pay his proportionate share of T.T.'s past and future private school costs. In Missouri, the law is well-settled that the court will defer to the custodial parent with respect to decisions concerning education beyond that provided by the state system. *Elliott v. Elliott*, 920 S.W.2d 570, 576 (Mo.App.W.D. 1996) (citing *Jenks v. Jenks*, 385 S.W.2d 370, 380 (Mo.App. 1965)). Indeed, "[t]here are a plethora of Missouri cases ordering a spouse to pay a portion of tuition for private schools where that spouse had not agreed to enroll the child in private school." *Leslie v. Leslie*, 948 S.W.2d 458, 462 (Mo.App.W.D. 1997). "[T]he test for determining when a court should order private schooling over the wishes of one parent is expressed in the language of Form 14: when such schooling 'will meet the particular educational needs of the child.'" *Id.* at 461.

As the custodial parent, Mother was in the best position to decide which school would best address T.T.'s particular educational needs. This record, including Mother's testimony, T.T.'s doctor's reports, and the fact that T.T.'s sister K.T. continued in public school, demonstrates that Mother's decision was reasonable and well-founded. Given this record, we find the trial court did not abuse its discretion.

We next address Father's argument that the trial court erred by including this private education cost as an "extraordinary expense" in Form 14, Line 6e. This argument is without merit because the trial court did not include the private education cost as an "extraordinary expense" on Line 6e but instead considered the cost separately. This was within the trial court's discretion and was not error. *Appling v. Appling*, 156 S.W.3d 454, 460 (Mo.App.E.D. 2005) (noting that trial court can issue separate orders outside of the Form 14 calculation for other extraordinary child-rearing costs).

In *Hart*, the trial court rebutted the presumed child support amount and entered a separate order regarding tuition expenses. The court explained that it did not matter whether the trial court accepted the presumed child support amount or rebutted it and adjusted it accordingly because it is free to enter a separate award for extraordinary child-rearing costs so long as it avoids a redundancy in the children's living expenses and it is otherwise just and reasonable. *Hart*, 210 S.W.3d at 491 (citing *Foraker v. Foraker*, 133 S.W.3d 84, 98 (Mo.App.W.D. 2004)).

Here, there was no redundancy in the trial court's calculations. The trial court properly added 50% of the costs of T.T.'s private school to its presumed child support amount. See *MacDonald v. Minton*, 142 S.W.3d 247, 253 (Mo.App.W.D. 2004) ("The court was certainly within its discretion in assigning the actual education costs on a 50/50

6

basis to the parents rather than adding a specific dollar amount to the Form 14 calculation."). Thus, Father's argument in this regard is without merit.

### 2. Calculation of Mother's Income

Father next contends that the trial court erred to the extent its calculation was based on Mother's income from only one job because Father contends Mother had income from two jobs. The record here demonstrates that the trial court was presented with multiple forms of evidence regarding income, including income tax statements, paystubs, the parties' Form 14 worksheets, the testimony of the parties, and the parties' statements of income and expenses. The court has discretion to decide which evidence is credible and which is not. *Hoffman*, 423 S.W.3d at 876.

Here, Mother testified she had income from only one job. The trial court was allowed to believe Mother on this issue, and we defer to the trial court's credibility determinations and view the evidence in the light most favorable to the judgment. *Hoffman*, 423 S.W.3d at 876; *Rothfuss v. Whalen*, 812 S.W.2d 232, 238 (Mo.App.E.D. 1991) (noting that testimony alone is a sufficient basis to base an allowance of child support). Father's argument in this regard is without merit.

### 3. Calculation of Father's Income

Father next asserts that the trial court erred by including holiday pay, a cost of living payment, and a workers' compensation settlement in its calculation of Father's income. We first note that there is nothing in the record that demonstrates that the trial court included these amounts in Father's income. The trial court merely noted that Father's paystub included overtime compensation and a cost of living payment. The judgment does not mention any worker's compensation settlement. Father's argument

that these amounts were included in the court's calculation of his income is pure speculation.

Moreover, "gross income" is defined to specifically include workers' compensation benefits and may include amounts like overtime compensation, bonuses, and significant employment-related benefits in appropriate circumstances. Form 14, COMMENTS, Line 1, Direction. Thus, even if the record supported the conclusion that the trial court had included these amounts in its calculations, that would not have been error. Thus, this argument is without merit.

*4. Mother's Premium for Medical Insurance Coverage for the Children*

Father argues that the trial court erred by ordering Father to pay a portion of the medical insurance Mother carried for the Children even though Father was already providing medical insurance coverage for them. We find that the trial court's order in this regard was proper and within the court's discretion. See *Nelson v. Nelson*, 25 S.W.3d 511, 522 (Mo.App.W.D. 2000).

In *Nelson*, the trial court ordered both parties to carry health insurance for the child and in its Form 14 calculation ordered father to pay a proportionate share of the cost of mother's policy. On appeal, father argued it was error for the court to include that amount in its Form 14 calculations because he was also ordered to carry health insurance for the child at his own expense and the evidence did not support ordering both parties to carry health insurance.

Relying on section 454.603.7,[1] the *Nelson* court concluded that the trial court has discretion to order that both parties provide the child with health insurance benefits. *Id.*

---

[1] All statutory references are to RSMo 2000 unless otherwise indicated.

8

at 522; see § 454.603.7. ("If two or more health benefit plans are available to one or both parents that are complementary to one another or are compatible as primary and secondary coverage for the child, the court or the division may order each parent to maintain one or more health benefits plans for the child."). Thus, the court held that the inclusion in its Form 14 calculations of an amount representing the father's share in the cost of a second health insurance plan for the child was not error. *Nelson*, 25 S.W.3d at 522.

Similarly here, the trial court did not err in including the costs of Mother's health insurance for the Children in its calculation of Father's child support amount and requiring Father to pay a portion of that insurance coverage.

### C. No Evidence that Father's Child Support Obligation is Excessive

Father argues that the trial court abused its discretion because his child support obligation is excessive in relation to his income such that he is unable to meet his basic necessities of life. Father, however, fails to point to anything in the record that supports this argument. Without pointing to any factual support in the record, this argument must fail. See *Elliott*, 920 S.W.2d at 577-78 (rejecting appellant's argument that contribution by him for the extraordinary expenses would reduce his ability to provide for his own basic needs where appellant failed to point to anything in the record to support that argument). Accordingly, this point of error is denied.

### D. Evidence of a Change in Circumstances Supports Modification of Father's Child Support Amount

Father contends that the trial court erred by modifying his child support amount set forth in the March 2009 decree because there was insufficient evidence of a change in

9

circumstances under section 452.370.1 to warrant the modification. Father asserts that since his opposition to T.T. attending private school and his refusal to help pay the tuition was well-known at the time the previous decree was entered, there was nothing "new" or "unexpected" constituting a change in circumstances that would justify a modification. We disagree because we find that there was a change in circumstances sufficient under section 452.370.1 to warrant the modification at issue in this appeal.

We first note that T.T. did not begin attending private school until after entry of the March 2009 decree that the trial court modified here. This fact alone undermines Father's argument because the change in circumstances – T.T.'s private school attendance and the corresponding tuition costs – occurred after the March 2009 decree.

Moreover, even if the evidence demonstrated that Father was never in favor of T.T. attending private school, the trial court has the authority and discretion to honor the decision of the Mother, as the custodial parent, to send T.T. to a private school to address T.T.'s particular education needs. *Leslie*, 948 S.W.2d at 461. Thus, this argument is without merit.

### Conclusion

For the reasons stated above, the trial court's judgment is affirmed.

_____
James M. Dowd, Judge

Robert M. Clayton III, P.J. and
Lawrence E. Mooney, J., concur

10