

# In the Missouri Court of Appeals
# Eastern District

DIVISION TWO

| | | |
|---|---|---|
| HAL ORANGE, | ) | No. ED103872 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| vs. | ) | |
| | ) | |
| JEANINE R. WHITE, | ) | Honorable Nancy M. Watkins |
| | ) | |
| Respondent, | ) | |
| | ) | FILED: November 22, 2016 |

H.O. ("Husband") appeals from the trial court's judgment and decree of dissolution awarding modifiable maintenance to J.W. ("Wife") in the amount of $350 per month. We reverse and remand with instructions.

## I. Background

Husband and Wife were married on February 14, 2006. The parties had no children during the marriage and separated in December 2013. On March 26, 2014, Husband filed his Petition for Dissolution of Marriage. Wife filed her Answer and Counter Petition for Dissolution of Marriage on June 30, 2014.

From 2005 to 2010, Husband was a school teacher in the Riverview Gardens School System. After being laid off in 2011, Husband worked partially during 2012 and retired later

that year. Following his retirement, Husband began receiving social security retirement benefits and benefits from the Public School Retirement System of Missouri.

Husband receives $1,844.36 monthly from the Public School Retirement System of Missouri and $1,547 from his social security retirement benefit for a total gross receipt of $3,391.36. Considering Husband's 2012 and 2013 tax returns, the court determined that his monthly income was $4,873.83. While Husband did not provide his income tax returns for 2014, the trial court did hear testimony from Husband and Wife regarding Husband's limited income in 2014 and prospectively.

Husband received unemployment compensation in 2012 and 2013, however, he stopped receiving unemployment compensation in 2013. Both parties testified that Husband's sole source of income since 2014 has been from his retirement and social security benefits. Despite this testimony, the trial court did not consider any 2014 financial information in its calculation of Husband's monthly income for maintenance purposes.

Husband is currently behind on his state and federal taxes, medical bills, and several credit card statements. The trial court deducted $500 from his submitted expenses for credit card payments, but did not include outstanding medical bills or state and federal taxes in its calculation of Husband's monthly expenses because the record did not reflect whether the expenses were regular or short term expenses.

Wife was diagnosed with breast cancer in 2009 and was deemed permanently disabled by the Social Security Administration. Consequently, she receives $1,671.90 monthly in social security benefits. Though she performed clerical work for 19 years, nerve damages have made her unable to move her arm or fingers on the right side of her body and has prevented her from

2

finding appropriate employment. Noting her inability to work and upcoming housing expenses, the trial court determined that Wife's monthly expenses totaled $3,406.16.

After examining the parties' financial situations, the court determined Wife could not meet her financial needs and that Husband's income enabled him to meet his own needs while also providing assistance to Wife. The court ordered Husband to pay Wife $350 per month as modifiable maintenance. On November 19, 2015, Husband filed his Motion for Reconsideration of Findings of Fact, Conclusions of Law, and Partial Judgment and to Hear Additional Evidence and Request for Hearing. His motion was heard and denied. Husband now appeals.

## II. Discussion

Husband raises three points on appeal. First, Husband claims that the trial court erred in including his social security and teacher's retirement benefits in its calculation of his income because the benefits are nontransferable and unassignable under Section 169.572 (RSMo. 2000)[1] and the Social Security Act, 42 U.S.C. Section 407 (2000). He further argues the statutes prevent these benefits from being subject to maintenance.

Second, Husband alleges the trial court erred in awarding maintenance in the amount of $350 per month because the award was unjust, pursuant Section 452.335, and against the weight of the evidence in that the court failed to consider his current income when it only averaged his 2012 and 2013 income in determining the maintenance amount. Husband maintains that the income of those two years is not reflective of his current income and the trial court failed to consider that his expenses now exceed his current income.

Third, Husband argues the trial court erred in awarding Wife maintenance in the amount of $350 per month because it was unjust, pursuant Section 452.335 and against the weight of the

---

[1] All further statutory references are to RSMo. 2000, unless otherwise indicated.

evidence in that Wife is capable of earning sufficient income to meet her reasonable needs and the calculation of her housing expenses was based on conjecture.

A. Standard of Review

In an appeal from a court-tried civil case, the trial court's judgment will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. Murphy v. Carron, 536 S.W.2d 30, 32 (Mo. banc 1976).

Trial courts have considerable discretion regarding the amount of maintenance awarded. Ferry v. Ferry, 327 S.W.3d 599, 602 (Mo. App. E.D. 2010). "A trial court abuses this discretion when its ruling is clearly against the logic of the circumstances before the trial court and is so arbitrary as to indicate indifference and a lack of careful judicial consideration." Roche v. Roche, 289 S.W.3d 747, 757 (Mo. App. E.D. 2009) (citing Alberty v. Alberty, 260 S.W.3d 856, 860 (Mo. App. W.D. 2008)). However, a maintenance award cannot stand without evidence to support it. Lindsey v. Lindsey, 336 S.W.3d 487, 497 (Mo. App. E.D. 2011) (citing Brooks v. Brooks, 957 S.W.2d 783, 788 (Mo. App. W.D. 1997)).

B. Inclusion of Social Security and Teacher's Retirement Benefits in Income

Husband's first point on appeal contends that the trial court erred in awarding maintenance because his income only included his teacher's retirement and social security. Husband maintains that the trial court cannot consider teacher's retirement and social security benefits in its calculation of maintenance because the benefits are separate and non-divisible property under the Social Security Act and Section 169.572.

Husband maintains that the Social Security Act's limitation of subjecting social security benefits to "execution, levy, attachment, garnishment, or other legal processes" prevents the benefits from being considered in dissolution of marriage proceedings. Husband further claims

4

that because the benefits are his sole source of financial support and constitute non-marital and non-divisible assets, they may not be considered in an award of maintenance. We disagree.

Section 452.335 outlines the factors considered when determining an award for maintenance:

(1) The financial resources of the party seeking maintenance, including marital property apportioned to him, and his ability to meet his needs independently, including the extent to which a provision for support of a child living with the party includes a sum for that party as custodian;

(2) The time necessary to acquire sufficient education or training to enable the party seeking maintenance to find appropriate employment;

(3) The comparative earning capacity of each spouse;

(4) The standard of living established during the marriage;

(5) The obligations and assets, including the marital property apportioned to him and the separate property of each party;

(6) The duration of the marriage;

(7) The age, and the physical and emotional condition of the spouse seeking maintenance;

(8) The ability of the spouse from whom maintenance is sought to meet his needs while meeting those of the spouse seeking maintenance;

(9) The conduct of the parties during the marriage; and

(10) Any other relevant factors.

The inclusion of "any other relevant factors" illustrates the trial court's broad discretion in evaluating the parties' financial situation when calculating maintenance awards. This Court has specifically considered social security benefits as a relevant factor when granting maintenance orders. Hogan v. Hogan, 796 S.W.2d 400, 407 (Mo. App. E.D. 1990). While agreeing that social security benefits are unassignable as marital or separate property, the court in Hogan expressly stated that the "benefits derived from social security are economic factors to be

5

considered, along with other factors, in the disposition of marital property and the award of allowances, including maintenance." Id.

Pursuant Section 169.572 "no court shall divide or set aside any federal old-age, survivors or disability insurance benefit provided to any party pursuant to the federal Social Security Act, 42 U.S.C. Section 200 et seq., in any proceeding for dissolution of marriage." The Social Security Act, 42 U.S.C. Section 407 notes, "the rights of any person to receive social security benefits shall not be transferable, assignable, at law or in equity, and none of the money payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process . . . ."

The Supreme Court examined this statute's use of the "other legal process" factor and explicitly noted that it should be applied restrictively. Washington State Dept. of Social and Health Servs. v. Guardianship Estate of Keffeler, 537 U.S. 371, 1019 (2003). The Court stated that when a general term, like other legal process, follows a list of more specific terms, such as execution, levy, attachment, and garnishment, the general term should be "construed to embrace only objects similar to those enumerated by the specific words." Id.

Here, the process of maintenance differs from the statute's expressly stated processes of execution, levy, attachment, and garnishment. The maintenance award is not garnished, executed, levied, or attached directly to Husband's benefits; instead, maintenance is paid after the benefits have been received by the party paying maintenance. Husband's interpretation of the Social Security Act would essentially prevent maintenance from ever being awarded when the paying party is retired and solely earning Public School Retirement or social security benefits. Husband's benefit rights are not assigned or transferred by this award of maintenance because they were merely used in consideration of a maintenance calculation. Therefore, we

6

disagree with Husband's application of Section 169.572 and 42 U.S.C. Section 407 to maintenance awards because an award of maintenance is not a legal process as intended by the statutes.

Similarly, Husband argues that the inclusion of his social security and teacher's benefit in the consideration of maintenance was improper and distinguishable from Hogan because those benefits are his only current source of income. Husband contends that the maintenance award therefore requires the division of these unassignable benefits. Again, this interpretation would prevent maintenance awards from being required of parties who solely receive benefits after retirement. Though the limited earning capacity of Husband should certainly be considered in the amount of maintenance awarded, his reliance on social security and retirement benefits does not prevent the benefits from being considered as a factor in the calculation of maintenance. The trial court did not err in considering Husband's benefits when calculating an award of maintenance. Husband's first point is denied.

C.  Current Financial Condition

Husband next argues that the trial court erroneously calculated the amount of maintenance. He argues that the court's calculation of maintenance solely considered his income from 2012 and 2013. Husband contends that the trial court's failure to consider testimony regarding his 2014 income in its calculation of maintenance does not properly reflect his current financial status and is not supported by Section 452.335. Specifically, Husband notes two statutory factors in support of his argument:  the comparable earning capacity of each spouse and Husband's inability to meet his needs while also meeting Wife's needs through maintenance. Sections 452.335(3) and 452.335(8). We agree.

7

An award of maintenance must be based on the parties' "existing circumstances." Workman v. Workman, 293 S.W.3d 89, 99-100 (Mo. App. E.D. 2009) (citing In Re Marriage of Maninger, 106 S.W.3d 4, 11 (Mo. App. 2003)). When considering a party's income, the trial court may rely on testimony alone. Tatum v. Tatum, 480 S.W.3d 427, 432 (Mo. App. E.D. 2016); See Hoffman v. Hoffman, 423 S.W.3d 869 (Mo. App. E.D. 2014); Rothfuss v. Whalen, 812 S.W.2d 232 (Mo. App. E.D. 1991). Further, the trial court may look at a single year, rather than one's history of income, when one specific year is a more "accurate predictor of [a party's] income." Laubinger v. Laubinger, 5 S.W.3d 166, 179 (Mo. App. W.D. 1999) (citing Samples v. Kouts, 954 S.W.2d 593, 598 (Mo. App. W.D. 1997)).

Wife cites Henbest v. Henbest, 164 S.W.3d 198 (Mo. App. S.D. 2005), in arguing that the trial court's sole reliance on 2012 and 2013 tax returns was a permissible calculation. In Henbest, the Southern District noted the importance of examining a party's earning history when calculating and projecting an average income for maintenance: "Courts must look at past and present income *in toto* and consider a party's complete earning history as evidence of ability to pay maintenance." Henbest, 164 S.W.3d at 203. The court in Henbest averaged the husband's past three years to determine his inconsistent salary, which was dependent on his employer's varying overtime availability. However, the financial history here is distinguishable from Henbest in that the Husband's change in earning capacity is not speculative, fluctuating, or even disputed by the parties. The change is directly attributable to his new employment status and financial situation. Husband is now retired, does not receive unemployment, and is not expected to earn income other than his social security and teacher's retirement benefits. Unlike Henbest, the average of his past income is in no way indicative of his current capability of paying

8

maintenance because his future income is established and different than the past years considered by the court.

Here, Husband's current financial status was not included in the trial court's determination of a maintenance amount. The trial court's maintenance calculation was instead based solely on the average of two years, 2012 and 2013, that no longer reflect Husband's current financial situation. In 2012, Husband was still working for a portion of the year and received wages. In 2013, Husband received an IRA distribution of $16,000 and unemployment compensation of $7,552. Husband's limited income based on his social security and teacher's retirement benefits combined with his various outstanding debts suggests that his current financial status is not accurately calculated by an average of his 2012 and 2013 income. The trial court expressly stated that Husband was unemployed and his only income was social security and retirement benefits, yet, it did not factor that into its calculation of Husband's financial status when determining an award of maintenance.

We reverse the trial court's judgment with respect to Husband's obligation to pay Wife $350 in the amount of maintenance and remand for reconsideration of Husband's current financial circumstances. Point granted.

D. Wife's Capability of Earning Income

Husband's final point on appeal claims that the trial court erred in awarding maintenance because Wife is capable of earning sufficient income to meet her needs and that her housing expenses were speculatively calculated. Husband also contends that because Wife's disability is periodically reviewed, she is not permanently disabled and is capable of earning a salary to meet her reasonable needs. We disagree.

9

An award of maintenance cannot be based on speculative future conditions. Childers v. Childers, 26 S.W.3d 851, 857 (Mo. App. W.D. 2000). However, we again stress the broad discretion of trial courts in deciding an award of maintenance. Id. at 853. Deference must be given to the trial court "even if the evidence could support a different conclusion." Id. The physical and emotional condition of the party seeking maintenance and its effect on a party's earning capacity are all considerations when determining an award of maintenance. Section 452.335(7); See Batka v. Batka, 171 S.W.3d 757, 761 (Mo. App. E.D. 2005).

Here, Wife testified that nerve damage has made her unable to move her arm and fingers on her right side and that she was declared disabled by the Social Security Administration. Prior to her disability, Wife worked 19 years doing clerical work; however, her current disability has made her incapable of typing and performing office work similar to her previous employment. Though Husband correctly notes that the trial court is not bound by the Social Security Administration, there is no indication that the court relied solely on this determination or that it believed it was bound by this determination. See Adams v. Adams, 108 S.W3d 821, 826 (Mo. App. W.D. 2003). When evidence is contested by disputing a fact in any manner, we defer to the trial court's determination of credibility. White v. Dir. of Rev., 321 S.W.3d 298, 308 (Mo. banc 2010). A trial court is free to disbelieve any, all, or none of the evidence presented. Id. Appellate courts defer to the trial court on factual issues because the trial court "is in a better position not only to judge the credibility of witnesses and the persons directly, but also their sincerity and character and other trial intangibles which may not be completely revealed by the record." Essex Contracting, Inc. v. Jefferson Cnty., 277 S.W.3d 647, 652 (Mo. banc 2009). Wife provided sufficient evidence to support the trial court's finding that she was disabled and

unable to work. Thus, we cannot say the court's finding of wife's earning capacity was against the weight of the evidence.

Husband also argues that because Wife has an upcoming disability eligibility review, the court should not have found her permanently disabled and unable to make income. This argument, however, requires the court to improperly consider future speculative conditions of the Social Security Administration's review. At the time of the trial, Wife's disability status was confirmed and her testimony indicated that she was still unable to work. Thus, the trial court correctly did not consider the speculative possibility of a change in her disability status or earning capability.

Wife also testified that she is currently living with her mother, and paying $200 in rent and also pays for their groceries. However, Wife noted that she is seeking an apartment that would cost $600 per month, but her search for an apartment community has found housing with a minimum monthly rent of $1,000. Considering Wife's testimony regarding her current and prospective housing expenses, it was not speculative to find her rent expense was $600. Though there was a range of possible rent expenses, the possibility of different conclusions from the evidence is not enough to establish a reversible error when calculating an award of maintenance. Therefore, the evidence demonstrates that a finding of $600 dollars was well within the discretion of the trial court. The trial court did not err in determining Wife's expenses and earning capacity. Husband's third point is denied.

### III. Conclusion

We reverse the trial court's judgment and remand with orders that the trial court reconsider Husband's current financial condition by including evidence of his 2014 financial

11

circumstances in the calculation of his income for maintenances purposes.  We affirm the

judgment in all other respects.

_____

ROY L. RICHTER, Judge

Sherri B. Sullivan, P.J., concurs
Colleen Dolan, J., concurs